151

(C. D. 927)

P. BEIERSDORF & CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 9, 1945)

*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before OLIVER, COLE, and TILSON, Judges

TILSON, Judge: This case comes before us by reason of a rehearing having been granted on April 24, 1945, original decision reported as Abstract 49683. In that decision, following the stipulation upon which the case was submitted, the court held the merchandise free of duty under paragraph 1796 of the Tariff Act of 1930, and also not subject to the assessment of duty at 3 cents per pound under section 701 of the Revenue Act of 1936.

The collector classified the merchandise as manufactures of amber, bladders, or wax, or of which these substances or any of them is the component material of chief value, not specially provided for, and assessed duty thereon at the rate of 20 per centum under paragraph 1536 of the Tariff Act of 1930. In addition thereto the collector also assessed duty upon the merchandise at 3 cents per pound under section 2491 (a) of the Internal Revenue Code, which, so far as here pertinent, reads as follows:

* * * marine-animal oil, tallow, inedible animal oils, inedible animal fats, inedible animal greases, fatty acids derived from any of the foregoing, * * * whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 3 cents per pound; * * *.

The case of *Beiersdorf & Co.* v. *United States,* 31 C. C. P. A. 158, involved the classification of the same or similar merchandise, wherein the merchandise had been assessed with duty at 25 per centum ad valorem under paragraph 37 of the Tariff Act of 1930, as esters of all kinds not specially provided for, and had also been assessed with duty at 3 cents per pound under section 2491 (a) of the Internal Revenue Code, the pertinent part of which is quoted above.

In its decision, reported as C. D. 718, this court affirmed the action of the collector in both his assessments. In reversing the decision of this court, our appellate court made the following observations:

The merchandise is not a manufacture of wax such as provided for in the claimed paragraph 1536 for the reason that the article has not been processed further than to make it a wax. The wax has not been further manufactured.

It would seem to follow from what has heretofore been said that since the imported merchandise is a wax advanced to where it is no longer a grease, it is not described in section 701 (8) of the Revenue Act of 1936 either as "inedible animal greases" or "fatty acids derived from any of the foregoing." * * *

The instant merchandise is more than an animal grease or fatty acid derived from it which has been refined, sulphonated, sulphated, hydrogenated, or otherwise processed. In determining the meaning of the term "otherwise processed," we must look to the kind of processes referred to in the provision, and we find that the processes above enumerated, through which the instant merchandise passed, are wholly different from those specifically named in the provision in controversy. It is our conclusion that the things named under the provision for "inedible animal greases" or "fatty acids derived from" the same, must still remain, after processing, greases or fatty acids.

This case has been submitted for decision upon a stipulation to the effect that certain items of the merchandise are the same in all material respects as the merchandise involved in the *Beiersdorf* case, *supra,* wherein it was held free of duty under paragraph 1796 of the Tariff Act of 1930, and also held not subject to any tax under the Revenue Act of 1936, and the record in the foregoing case has been admitted in evidence in this case.

Under the facts in this case, and following the decision in the *Beiersdorf* case, *supra,* we must, and do hereby, hold that the collector was in error in assessing the instant merchandise with duty at 20 per centum under paragraph 1536 of the Tariff Act of 1930, and also in assessing it with duty at 3 cents per pound under section 2491 (a) of the Internal Revenue Code.

In the motion for rehearing, however, counsel for the defendant contends for the first time that the merchandise is taxable at 3 cents per pound under section 2491 (c) of the Internal Revenue Code, which, so far as here pertinent, reads:

Any article, merchandise, or combination, * * * 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph * * * a tax at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph * * * in respect of such product or products

which the quantity by weight of the imported article, merchandise, or combination, consisting of or derived from such product or products, bears to the total weight of the imported article, merchandise, or combination; * * `*`.

In opposing the above contention, counsel for the plaintiff argues in its brief filed herein as follows: -

The question is not the same as presented in the case of tariff classification. All imported merchandise is dutiable or free of duty under some provision of the Tariff Act. To succeed with a protest under the Tariff Act, an importer has a double burden. He must not only prove that the classification of the collector is incorrect, but he must establish the correctness of the classification which he is claiming. The importer's burden in protesting a tax under the Revenue Act is not the same. Only a small number of imported commodities are so taxable. The tax has been assessed upon imported merchandise. If the importer proves that it was incorrectly assessed, he has no further duty. It is not necessary for him to prove the merchandise is not taxable under some other section of the Revenue Act or that it should have been taxed under some other section of the Revenue Act; nor does there appear to be any authority in either this court or the collector of customs to direct the assessment of, or to assess a tax, retroactively.

In this case, the tax has already been assessed, both under the Tariff Act of 1930 and under the Internal Revenue Code, and, as we understand the record, there is no contention made by anyone that this court has the authority to direct the assessment of, or to assess this tax, retroactively.

Section 2493, Internal Revenue Code, makes the following provision:

The tax imposed under section 2490 shall be levied, assessed, collected, and paid in the same manner as a duty imposed by the Tariff Act of 1930, and shall be treated for the purposes of all provisions of law relating to the customs revenue as a duty imposed by such Act, * * *.

Section 2490, Internal Revenue Code, provides that:

In addition to any other tax or duty imposed by law, there shall be imposed upon the following articles imported into the United States, * * * a tax at the rates set forth in section 2491, to be paid by the importer.

It will thus be seen that the tax of 3 cents per pound imposed upon merchandise under section 2491 (c), Internal Revenue Code, shall be treated for the purposes of all provisions of law relating to the customs revenue as a duty imposed by the Tariff Act of 1930. This being true, the pronouncements made by our appellate court in *United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. 203, are here applicable. The following is quoted from that decision:

Following the Customs Court's decision in the instant case, the Government entered a motion for rehearing, insisting that if the merchandise is not properly classifiable as a toilet preparation at 75 per centum under said paragraph 61 it is properly classifiable and subject to the same rate of duty under the latter clause of the same paragraph, *supra*, providing for bath salts, perfumed whether or not having medicinal properties.

* * . * * * * *

No extensive review of the record seems to be necessary. There is nothing therein tending to show that the merchandise is bath salts. The appraiser's report does not so designate it, nor did the collector so classify it. His classification was as a toilet preparation. Hence there is no presumption from the classification itself that it is bath salts, *and no proof was introduced which even intimates it to be such.*

Where a paragraph of a tariff act makes provision for two or more distinctly different kinds of merchandise and the collector of customs specifically classifies an importation as one of those kinds, the legal presumption that such classification is correct attaches, but such presumption of correctness is limited to the specific classification made, and, in case it be found that the merchandise is not such specific kind, it may not be held that there is a legal presumption that it is some other kind which happens to be included in the same paragraph but of which the appraiser gives no description and the collector makes no mention in his classification.

*It is quite true the court might conclude from other things in the record, legitimate to be considered by it, that the merchandise was, in fact, some other kind covered by the paragraph, and, in such case* (unless the protest of the importer claimed such other kind), *the rule often applied would be followed of sustaining the duty assessment without approving the Collector's specific classification, but we have nothing in the record in the instant case to warrant any finding that the merchandise is bath salts.* [Italics ours.]

The contention of the Government in the *White Sulphur Springs* case, *supra,* and in the instant case is practically the same in principle, but the instant case differs from the *White Sulphur Springs* case, *supra,* in that in the latter case there was no proof introduced which even indicated that the merchandise was "bath salts, perfumed whether or not having medicinal properties," whereas in the instant case the record establishes quite conclusively that the merchandise is subject to the tax of 3 cents per pound under section 2491 (c), Internal Revenue Code, as contended by counsel for the defendant. The court must conclude from things in the record, legitimate to be considered by it, that the merchandise is, in fact, some other kind covered by the section of the Revenue Act of 1936, and in such case, the rule often applied must be followed of sustaining the tax assessment of 3 cents per pound, without approving the collector's specific classification.

In resubmitting this case counsel for the respective parties agreed:

That the merchandise herein is an ester formed by the combination of 7% of glycerin, and 93% of fatty acids obtained from the saponification of wool grease.

For the reasons hereinbefore stated and following the ruling of our appellate court in *Beiersdorf, supra,* we hold the items of merchandise marked "A" and checked MMY on the invoices to be entitled to free entry under paragraph 1796 of the Tariff Act of 1930, as "Wax: Animal, vegetable, or mineral, not specially provided for," as alleged by the plaintiff.

Under the facts contained in the stipulation, the plaintiff is entitled to a refund of 3 cents per pound on seven one-hundredths per centum of the weight of said items, but since the plaintiff makes no

claim that this duty was levied upon too great a weight this court is without authority to grant relief. *United States* v. *Bailey*, 32 C. C. P. A. 89, C. A. D. 291.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.