(C.R.D. 73–4)

A. N. DERINGER, INC. *v.* UNITED STATES

(Dated February 13, 1973)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff. *Harlington Wood, Jr.*, Assistant Attorney General (*John A. Gussow*, trial attorney), for the defendant.

RAO, Judge: This is a motion, filed on December 15, 1972, for an order which will include the statement necessary to provide the condi-

tion precedent for an application to seek leave to file an intermediate appeal to the Court of Customs and Patent Appeals, pursuant to 28 U.S.C. 1541(b), as amended, from the court's order of September 26, 1972, denying a motion to dismiss the action and/or the complaint.

The merchandise involved herein consists of brassieres and bikini pants, imported in sets. They were classified as entireties under item 378.60, TSUS, as underwear. Plaintiff claims that the brassieres are dutiable separately under item 376.28, as brassieres and similar body-supporting garments. Plaintiff also claims an established and uniform practice to classify such brassieres separately.

In addition to denials, the answer contains an affirmative defense that no separate values were found for the brassieres and panties; that plaintiff did not protest the failure of customs officials to find separate values and has therefore waived its claims, and that plaintiff did not allege the values of the matching panties.

The reply to the affirmative defense states that upon entry the brassieres were valued at $7.75 per dozen and the bikinis at $6.25 and that the district director appraised and liquidated the sets at a total value of $14 per dozen. Plaintiff contends that it was not necessary for it to allege values and that it has not waived anything.

A motion was made on June 13, 1972 to strike the reply, which was denied on July 27th. A motion to dismiss was made on June 7th and was denied on September 26th. It is in connection with the latter motion that defendant requests a statement that there is a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation.

I deny the motion on two grounds:

(1) It was not contemplated by the statute that a separate motion could be made months after a motion was denied for the purpose of allowing an immediate appeal. Section 1541(b), 28 U.S.C., as amended, provides:

> * * * when any judge in the Customs Court, *in issuing any other interlocutory order, includes in the order* a statement that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an *immediate* appeal from its order may materially advance the ultimate termination of the litigation, the Court of Customs and Patent Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: * * *. [Emphasis supplied.]

A motion made months after an interlocutory order defeats the purpose of the appeal – a speedy advancement toward termination of litigation.

(2) This is not a proper case for an intermediate appeal.

Defendant's position is that when a plaintiff claims that one part of merchandise assessed as an entirety is dutiable separately at a different rate, it must allege in the protest that customs officials erred in not finding separate values, which must also be alleged, and that if it does not do so, its classification claim must fall.

Under the law prior to the effective date of the Customs Courts Act of 1970, where merchandise assessed as an entirety was found to be classifiable separately, the case was remanded to a single judge sitting in reappraisement to find value on the ground that the appraisement was invalid and void. 28 U.S.C. 2636(d), prior to amendment; *Clarence S. Holmes* v. *United States*, 37 Cust. Ct. 260, C.D. 1833 (1956); *Hancock Gross Mfg., Inc.* v. *United States*, 60 Cust. Ct. 558, C.D. 3459, 285 F. Supp. 168 (1968). This procedure was necessary because appraisement and classification were treated separately both administratively and judicially. It is the intention of the Customs Courts Act of 1970 to provide a single continuous procedure for dealing with all issues as to any entry of merchandise and to settle all issues of classification and value in one proceeding. Report of Committee on the Judiciary, House of Representatives, on the Customs Courts Act of 1970, No. 91-1067, 91st Congress, 2d Session, pp. 10 and 11.

Defendant does not dispute this, but claims that to comply with the provisions of section 514, Tariff Act of 1930, as amended by the Customs Courts Act of 1970, plaintiff must specifically set forth a classification claim and a value claim and state the separate values of each component, and that failing this, the court does not have jurisdiction to adjudicate the controversy.

In the instant case, the protest was made against the classification decision assessing duty on the brassieres and bikini pants in sets under item 378.60. It was claimed that the brassieres were dutiable at a different rate under item 376.28. This clearly raises the claim that the merchandise is not classifiable as an entirety. Inherent within an entireties question is that of dutiable value, since where merchandise is appraised as an entirety, only one value is found, whereas if the merchandise is classifiable separately there must be a separate value for each component. The issue is somewhat of a hybrid, a fact which caused the difficulties and circumlocutions under previous statutes. *United States* v. *John Wanamaker*, 20 CCPA 381, T.D. 46185 (1933); *United States* v. *Malhame & Co., et al.*, 39 CCPA 108, C.A.D. 472 (1951); 28 U.S.C. 2636(d), prior to amendment, and cases cited above. Such circuity is to be avoided under the new statute.

In the instant case, the complaint alleges specifically that the mer-

chandise is not an entirety, but that the components are separately classifiable. A separate value is alleged for the brassieres. In the reply, plaintiff sets forth separate values for both components, which were those on the entry papers and amounted to the total appraised value of the two components.

While the allegations in the pleadings are more specific than those in the protest, this is not a case in which a new claim is alleged in the complaint. The protest claimed that the brassieres were dutiable at a different rate than the bikini pants. Had that claim been sustained by the district director, he would have had to value the articles separately in order to assess the correct amount of duties. Since he denied the protest, all his findings or failures to find enter into his administrative decision and may be brought before the court by instituting a civil action.

While plaintiff might have spelled out its claims more specifically in the protest, particularly if it had desired to contest the total appraised value or to claim a value other than that noted on the entry papers, its failure to do so does not deprive the court of jurisdiction to decide the classification issue and any other issue necessary to dispose of the action.

Defendant claims otherwise and seeks an immediate appeal on the issue.

In *C. L. Hutchins & Co., Inc., et al.* v. *United States*, 67 Cust. Ct. 354, C.D. 4297, 334 F. Supp. 188 (1971), this court examined the legislative history of 28 U.S.C. 1541(b), *supra*, and that of the corresponding section applicable to the district courts, and discussed a number of judicial decisions under the latter. It noted one line of decisions which emphasized that the section permitting appeals from interlocutory orders should be sparingly applied and used only in exceptional cases where an intermediate appeal might avoid protracted and expensive litigation, and another line which would allow an intermediate appeal wherever a district court decided a jurisdictional question in favor of its having jurisdiction. This court held that an appeal from the interlocutory order in the case before it was not warranted on the ground that the case was not exceptional in the sense that there was likely to be a long or protracted trial and that "piecemeal appeals" were not to be encouraged.

In *Novelty Imports, Inc.* v. *United States*, 68 Cust. Ct. 362, C.R.D. 72–7, 341 F. Supp. 1228 (1972), an intermediate appeal was allowed on the ground that the statutory provision involved was ambiguous and there was substantial ground for difference of opinion, and that, since the Government intended to make the same jurisdictional objection in other actions, an appeal to the Court of Customs and Patent Appeals

might advance the termination of the litigation, and settle an issue that might be raised in other civil actions.

There is nothing in the motion papers or the pleadings here which would indicate that the trial might be long, protracted, or expensive. The fact that the Government may raise the same objection in other cases is not a sufficient ground, without more, for allowing an intermediate appeal. The statutory provisions clearly grant jurisdiction to this court over both classification and valuation issues. The only question is whether the protest is sufficient to raise these issues. It has recently been held that "denial of jurisdiction for insufficiency of protest is a severe action which should be taken only sparingly." *Eaton Manufacturing Co., et al.* v. *United States*, 60 CCPA 23, C.A.D. 1076 (1972).

I find no controlling question of law as to which there is substantial ground for difference of opinion nor that an intermediate appeal would ultimately advance the termination of this litigation. The bringing of unwarranted motions for intermediate appeals serves only to delay consideration of the substantive issues of a case and its final disposition. To grant such a motion would place an unjustifiable burden on the Court of Customs and Patent Appeals.