MOBILITE, INC.

v.

UNITED STATES.

C.R.D. 73–11; Court No. 72–3–00707;
Protest No. 1001–0–002699.

United States Customs Court.
April 27, 1973.

Donohue & Shaw, New York City (Charles P. Deem, New York City, of counsel), for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen., Jordan J. Fiske, New York City, trial atty., for defendant.

OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR DISMISSAL

NEWMAN, Judge.

These cross-motions present two questions of novel impression concerning provisions of the Customs Courts Act of 1970 (P.L. 91–271), in addition to matters of substantive law.

This action—which is before the court on cross-motions for summary judgment [1] and defendant's cross-motion for dismissal [2]—involves the dutiable status of certain filament and luminescent light bulbs packed together with lamps and imported from Japan. The bulbs and lamps were assessed with duty as entireties at the rate of 19 per centum ad valorem under the provision in item 653.39 of the Tariff Schedules of the United States (TSUS), as modified by T.D. 68–9, for "other" illuminating articles.

Plaintiff claims that the lamps and bulbs should have been liquidated separately—the lamps at the rate of 19 per centum ad valorem under item 653.39, TSUS (the rate assessed); and the bulbs under the *eo nomine* provisions therefor at the rates of 5.5 per centum or 6 per centum ad valorem in items 686.90 and 687.30, TSUS, as modified, respectively. As is apparent, the dispute relates essentially to the proper rate of duty applicable to the bulbs rather than to the lamps.

STATUTES INVOLVED

Classified:

Schedule 6, Part 3, Subpart F:

| *Item* | *Articles* | *Rates of Duty* |
|---|---|---|
| | Illuminating articles and parts thereof, of base metal: | |
| | * * * * * * * * * * | |
| 653.39 | Other ......................... | 19% ad val. |

Claimed:

Schedule 6, Part 3, Subpart F:

653.39, *supra*, and—

Schedule 6, Part 5:

| | | |
|---|---|---|
| | Electric filament lamps and * * * electric luminescent lamps * * *: | |
| | Filament lamps: | |
| | * * * * * * * * * * | |
| 686.90 | Designed for operating at 100 volts or more ..................... | 5.5% ad val. |
| and— | | |
| 687.30 | Electric luminescent lamps .......... | 6% ad val. |

<hr>

[1] Rule 8.2.

[2] Rule 4.7(b).

## JURISDICTION

Defendant's cross-motion to dismiss raises a threshold jurisdictional question. In its protest filed with the regional commissioner at the port of New York pursuant to 19 U.S.C. § 1514 (1970), plaintiff challenged the assessment of duty under item 653.39, TSUS, and ·claimed that the merchandise was properly dutiable under item 686.80 or item 688.40, TSUS. Thus, at the administrative level no claim was made that the bulbs were separately dutiable from the lamps. Such claim was advanced by plaintiff for the first time in its complaint filed in this action.

In support of its motion, the Government contends that as neither the protest nor summons challenged the *appraisement* of the lamps and bulbs as entireties, plaintiff now is precluded from contesting their *classification* as entireties because a favorable ruling on the latter issue would, of necessity, disturb the appraisement. Defendant relies on Wilshire Industries, Inc. v. United States, 64 Cust.Ct. 84, C.D. 3963 (1970), and 19 U.S.C. § 1514 (1970).

In *Wilshire Industries*, this court held that it could not grant the plaintiff any effective relief pursuant to its entireties claim, made for the first time at the trial, where to do so in effect would have enlarged the scope of the protest to include *merchandise* not originally covered.

Here, defendant argues that if plaintiff prevails, in effect the court will be permitting an enlargement of the scope of the protest to include an *additional administrative* action (viz. appraisement) as the subject thereof, which action was not contested in the original protest; and that under section 1514 plaintiff was required to protest the administrative value determinations and state the claimed separate values as a prerequisite to an adjudication of the entireties issue in a civil action.

In the present case, the regional commissioner classified and appraised the lamps and bulbs as entireties, and plaintiff's new claim applies to those same items. Consequently, *Wilshire Industries* is not apposite to the issue presented here, viz: whether the court may consider plaintiff's new claim that the bulbs are separately dutiable from the lamps where plaintiff did not challenge the administrative decisions to classify and appraise the merchandise as entireties. This issue raises a question of first impression and involves the construction of 19 U.S.C. § 1514(a) (1970)[3] and 28 U.S.

3. 19 U.S.C. § 1514(a) provides:

"(a) Finalty of decisions; return of papers.—Except as provided in section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by American manufacturers, producers, and wholesalers), section 1520 of this title (relating to refunds and errors), and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery under any provision of the customs laws;

(5) the liquidation or reliquidation of an entry, or any modification thereof;

(6) the refusal to pay a claim for · drawback; and

(7) the refusal to reliquidate an entry under section 1520(c) of this title, shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Customs Court in accordance with section 2632 of Title 28 within the time prescribed by section 2631 of that title. When a judgment or order of the United States Customs Court has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the appropriate customs officer, who shall take action accordingly."

C. § 2632(d)(2) (1970).[4] Cf. A. N. Deringer, Inc. v. United States, 70 Cust.Ct. ——, C.R.D. 73–4 (1973). See *infra*.

The purpose and effect of section 2632 (d) are explained in the House and Senate Reports on the bill (S. 2624) which became the Customs Courts Act of 1970, P.L. 91–271:[5]

Section 2632(d) retains the present authority of the court to provide by rule for consideration of any new ground in support of an action before the court if: (1) it applies to the same merchandise that was the subject of the protest; and (2) it is related to the same "administrative decision" contested in the protest.

The term "administrative decision" in section 2632(d)(2) refers to those "decisions" listed in section 514 of the Tariff Act," [sic] section 207 of the bill, *infra*. Section 514(a), as amended, lists seven categories in which the decision may fall. A similar reference is made to "administrative decision" in section 1582(a) relating to the jurisdiction of the Customs Court, section 110 of the bill, *supra*. The requirement that the new ground raised in the Customs Court be related to the same administrative decision contested in the protest merely means that the new ground must fall within the same category as the decision contested in the protest.

This requirement in section 2632 (d)(2) is in accord with prevailing decisions of the Customs Court. [citations omitted]

\* \* \* \* \* \*

Section 2632(d) does not change these principles. It retains them in the statute by requiring that any amendment be related to the same administrative decision contested in the

protest. For example, if the administrative protest is limited to an attack on "the classification and rate and amount of duties chargeable," (Section 514(a)(2)), plaintiff would not be able to amend its papers in the Customs Court so as to contest in that Court "the appraised value of the merchandise" (Section 514(a)(1)), an administrative decision which had not been contested in the protest. That reflects the rule under existing law.

■ It is plain from section 2632(d) (2), and the above-quoted statement from the House and Senate Reports, Congress intended that a plaintiff may not protest solely an administrative decision concerning classification (section 1514 (a)(2)) and then file a civil action in this court challenging solely the administrative decision concerning value (section 1514(a)(1)). However, the problem here arises from the fact that plaintiff's new claims *concurrently* contest the appraisement as well as the classification of the regional commissioner. As Judge Rao recently noted in A. N. Deringer, Inc. v. United States, 70 Cust. Ct. ——, C.R.D. 73–4 (1973):

\* \* \* Inherent within an entireties question is that of dutiable value, since where merchandise is appraised as an entirety, only one value is found, whereas if the merchandise is classifiable separately there must be a separate value for each component. The issue is somewhat of a hybrid, a fact which caused the difficulties and circumlocutions under previous statutes. United States v. John Wanamaker, 20 CCPA 381, T.D. 46185 (1933); United States v. Malhame & Co., et al., 39 CCPA 108, C.A.D. 472 (1951); 28 U. S.C. 2636(d), prior to amendment, and cases cited above. Such circuity is to be avoided under the new statute.

---

4. 28 U.S.C. § 2632(d) reads:

"(d) The Customs Court, by rule, may consider any new ground in support of a civil action if the new ground (1) applies to the same merchandise that was the subject of the protest; and (2) is related to the same administrative decision or

decisions listed in section 514 of the Tariff Act of 1930, as amended, that were contested in the protest."

5. H.R.Rep.No.91–1067, 91st Cong., 2d Sess. 18–19 (1970); S.Rep.No.91–576, 91st Cong., 1st Sess. 18–19 (1969), U.S.Code Cong. & Admin.News 1970, p. 3188.

■ On the merits, the threshold question is one of classification: whether the bulbs are entireties with the lamps under item 653.39, TSUS. If the lamps and bulbs are found to be classifiable as entireties, then of course no value issue will be presented. If on the other hand, it is found that the bulbs are not classifiable with the lamps as entireties, then it will become necessary to determine separate values for the lamps and bulbs. While the value aspect of the entireties question obviously cannot be ignored, nevertheless such aspect is coincidental with or ancillary to the classification aspect. Thus, to dismiss this case for lack of jurisdiction, as urged by defendant, would in effect, permit the "tail (value aspect) to wag the dog (classification aspect)". Plainly, Congress did not intend such narrow construction or strict application of section 2632(d)(2). For these reasons, I conclude that plaintiff's new claim is "related" to the same administrative decision contested in the protest within the meaning of section 2632(d)(2); and consequently, the court has jurisdiction to adjudicate plaintiff's new claim.

■ In support of its motion to dismiss, defendant also points out that plaintiff did not challenge the appraised values in the *summons*. As previously mentioned, plaintiff's new claim was made for the first time in its complaint.

I see nothing improper in asserting a new ground for a civil action initially in the complaint. Neither section 2632(d) nor any rule of the court requires that such new ground be asserted in the summons. In point of fact, the form of summons prescribed by rule 3.4 of the court does not even provide a specific space for stating a new ground as a predicate of the cvil action.[6]

Defendant's motion to dismiss is denied.

## CLASSIFICATION

As indicated *supra*, the threshold issue on the merits is whether the bulbs are classifiable as entireties with the lamps.

■ Plaintiff's motion for summary judgment is supported by a statement of material facts, respecting which plaintiff contends there is no genuine issue. None of the facts set forth in plaintiff's statement are controverted by defendant. Thus, they are deemed admitted, pursuant to rule 8.2(b).

From plaintiff's undisputed statement of facts, it appears: the bulbs and lamps were packed together when shipped but were unassembled; the bulbs imported with lamp items 101, 116, 122 and 126, if separately considered, are electric luminescent lamps; the bulbs imported with lamp items 311 and 313, if separately considered, are electric filament lamps designed for operating at 100 volts or more; the luminescent and filament lamps are standard bulbs, such as are manufactured and merchandised separately in the United States; the bulbs are not specially designed for or dedicated to use with the lamp items enumerated above; lamps (including lampstands) and bulbs of the type involved here are bought and sold as separate articles, and each have separate commercial values.

■ Based upon the undisputed facts, and several decisions cited in its brief involving the issue of entireties, plaintiff urges that the imported lamps and bulbs were improperly classified as entireties under item 653.39, TSUS, and moves for summary judgment sustaining its claims under items 686.90 and 687.30, TSUS.

Defendant contends: in the event the court finds it has jurisdiction in this matter, defendant is entitled to summary judgment since the bulbs were correctly classified as a single entity with "their" lamps. Continuing, the Govern-

---

6. Indeed, the court has no rule specifically implementing 28 U.S.C. § 2632(d). And since no pleadings have been amended, rule 4.8 is inapplicable. However, under rule 1.1(b) "[w]here, in any proceed-ing or in any instance, there is no applicable rule of procedure, the judge or judges, before whom the action is pending, may prescribe the same".

ment argues: "It would be preposterous to classify separately that part of the [illuminating] article which actually illuminates, namely, the bulb, and say the lamp—no more than a power source—is an illuminating article, whereas the bulb, that which actually illuminates, is not".

Hence, defendant's position is that both the "power source" (lamp) and "illuminating factor" (bulb) comprise an illuminating article and thus are a single entity when imported together.

I am clear that the bulbs are not classifiable with the lamps as entireties. The facts that the bulbs were standard filament and luminescent bulbs, not specially designed for or dedicated to use with the imported lamps; that they were the same types of bulbs which were bought and sold in the United States as separate articles having separate commercial values; and that Congress provided *eo nomine* for such filament and luminescent bulbs in the tariff schedules, are persuasive that such bulbs, although packed together and shipped with the lamps, retain their separate tariff identities as filament and luminescent bulbs, and are properly classifiable under the *eo nomine* provisions claimed by plaintiff. *Cf.* Torch Mfg. Co., Inc. v. United States, 57 Cust.Ct. 521, C.D. 2863 (1966), and cases cited therein; and Craig Panorama, Inc. v. United States, 59 Cust. Ct. 97, C.D. 3085 (1967).

Significantly, when Congress intended to make light bulbs dutiable in combination with other articles, it employed appropriate language to express that intent. Thus, under item 688.10, TSUS, Christmas tree lighting sets are dutiable "with or without their bulbs", such bulbs having been otherwise provided for *eo nomine* under item 686.30, TSUS

Accordingly, defendant's motion for summary judgment is denied.

## VALUE

As we have seen, the lamps and bulbs were appraised in liquidation as entireties. Inasmuch as the bulbs have been determined here to be properly classifiable as separate tariff entities, it now becomes necessary, as ancillary to the separate classifications of the lamps and bulbs, to determine their separate dutiable values to which the ad valorem rates can be applied.

However, plaintiff requests that if the court determines that the bulbs were improperly classified as entireties with the lamps, the court enter a judgment dismissing this action as premature and referring the matter to the appropriate customs officials to make valid appraisements "in accord with the judicially determined separate tariff status of the import". Cited by plaintiff as a precedent for the foregoing "referral" procedure is Astra Trading Corp. et al. v. United States, 69 Cust.Ct. ——, P72/317 (1972), an abstracted protest decision.

In *Astra*, radios and batteries were, pursuant to a stipulation of the parties, held to be separate entities rather than entireties; and, in accordance with the stipulation, the protest was dismissed as premature and the regional commissioner directed to take appropriate action not inconsistent with the order of the court.

Plaintiff's request to refer this matter to the customs officials to make separate appraisements of the lamps and bulbs raises a novel question of procedure in "entireties cases" under the new Customs Courts Act. *Astra*, it should be noted, was submitted on a stipulation, and no question whatever was raised concerning the proper procedure for determining the separate values of the radios and batteries. *Astra, then*, cannot be regarded as having any precedential value in this case.

One of the most significant changes made in the existing procedure by enactment of the pioneeering Public Law 91–271 was abolishing the remand of protests by a division of three judges to a single judge for determining value,[7] and giving jurisdiction to single judges to hear *all* issues arising out of any entry or liquidation.[8] Thus, in the new law Congress intended that "[t]here will be

---

7. 28 U.S.C. § 2636(d) (1964).

8. 28 U.S.C. § 254 (1970).

a single judicial proceeding in which all issues, including both appraisement and classification, will be considered". H.R. Rep.No.91–1067, 91st Cong., 2d Sess. 11 (1970); S.Rep.No.91–576, 91st Cong., 1st Sess. 12 (1969), U.S.Code Cong. & Admin.News 1970, p. 3188. See also A. N. Deringer, Inc. v. United States, *supra.* Granting plaintiff's request to enter a final judgment referring this matter to the customs officials, with the issue of separate values judicially unresolved, would squarely defeat Congress' manifest intent. Hence, the determination of the separate values for the lamps and bulbs remains to be judicially resolved in this case; and of course, the burden of proof respecting such issue rests upon plaintiff.

Plaintiff has not set forth in its complaint the separate values claimed for the lamps and bulbs; and consequently issue has not yet been joined on this aspect of the case At this juncture, therefore, I am unable to determine whether or not a factual issue exists to be tried concerning value. Accordingly, plaintiff's motion for summary judgment must be denied, with leave granted plaintiff to file an amended complaint setting forth the separate values claimed for the lamps and bulbs within thirty (30) days after entry of this order. Defendant is granted thirty (30) days after service of an amended complaint in which to file an amended answer.

INTERLOCUTORY ADJUDICATION ON CLASSIFICATION ISSUE

 Predicated upon the undisputed statement of facts herein, I have concluded that the bulbs were erroneously classified with the lamps as entireties, and to narrow the issues, make the following partial interlocutory summary adjudication: the lamps (or lampstands) are separately dutiable as illuminating articles pursuant to item 653.39, TSUS, at the rate of 19 per centum ad valorem; the bulbs imported with items 101, 116, 122 and 126 are separately dutiable as electric luminescent lamps under item 687.30, TSUS, at the rate of 6 per centum ad valorem; and the bulbs imported with items 311 and 313 are separately dutiable as electric filament lamps designed for operating at 100 volts or more item 686.90, TSUS, at the rate of 5.5 per centum ad valorem.