(C.D. 4478)

MOBILITE, INC. *v.* UNITED STATES

Court No. 72-3-00707

(Decided October 29, 1973)

*Donohue & Shaw* (*Charles P. Deem* of counsel) for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*Michael S. O'Rourke*, trial attorney), for the defendant.

NEWMAN, Judge: In this civil action the parties filed cross-motions for summary judgment, and defendant also filed a cross-

motion to dismiss. These motions were denied, but a partial interlocutory summary adjudication was entered pursuant to rule 8.2 on April 27, 1973, that the subject lamps and light bulbs imported from Japan, packed together (but unassembled), were dutiable separately as claimed by plaintiff, rather than as entireties as appraised and classified by the Government. See *Mobilite, Inc.* v. *United States,* 70 Cust. Ct. 359, C.R.D. 73–11 (1973).[1] Remaining for decision is the ancillary question of the separate dutiable values of the lamps and bulbs, which question under the former practice of the court was determined either by a single judge upon remand by a division of three judges, in accordance with 28 U.S.C. § 2636(d) (1964),[2] or by the customs officials after dismissal of the protest as being premature.[3]

As noted in my prior *Mobilite* decision, *supra,* this case presents questions of novel impression concerning provisions of the Customs Courts Act of 1970 (P.L. 91–271); and it was there observed:

> One of the most significant changes made in the existing procedure by enactment of the pioneering Public Law 91–271 was abolishing the remand of protests by a division of three judges to a single judge for determining value, [footnote omitted] and giving jurisdiction to single judges to hear *all* issues arising out of any entry or liquidation. [Footnote omitted.] Thus, in the new law Congress intended that "[t]here will be a single judicial proceeding in which all issues, including both appraisement and classification, will be considered". H.R. Rep. No. 91–1067, 91st Cong., 2d Sess. 11 (1970); S. Rep. No. 91–576, 91st Cong., 1st Sess. 12 (1969). * * *

In accordance with leave granted in my prior order of April 27, 1973, plaintiff has filed an amended complaint setting forth the separate values claimed for the lamps and bulbs, and defendant has filed an answer thereto. At a hearing called by the court to dispose of the remaining value issue, the parties entered into a stipulation of fact wherein it was agreed that export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1401a(b)), is the proper basis for the determination of the dutiable values of the

---

[1] Parenthetically, this case presents a salutary example of the constructive use of the procedural tools provided in rule 8.2., inasmuch as partial summary judgment was utilized to narrow the issues. Cf. *Weather-Rite Sportswear Co., Inc.* v. *United States,* 62 Cust. Ct. C.D. 3774, 298 F. Supp. 508 (1969), wherein the court felt "constrained, with the utmost reluctance" to deny a motion for summary judgment in "an unassailable and uncontradicted case on the facts" since at that time (prior to promulgation of our present rules in 1970) summary judgment was not "explicitly authorized or spelled out by the rules of this Court"

[2] See e.g. *Torch Mfg. Co., Inc.* v. *United States,* 57 Cust. Ct. 521, C.D. 2863 (1966); *Torch Manufacturing Co., Inc.* v. *United States,* 59 Cust Ct. 862, C.D. 140 (1967).

[3] See e.g. *Astra Trading Corp. et al.* v. *United States,* 69 Cust. Ct. 479, P72/317 (1972). This was a protest forwarded to the court pursuant to 19 U.S.C. § 1515 and pending as of October 1, 1970 (the effective date of the Customs Courts Act of 1970 (P.L. 91–271). That act abolished the procedure of remanding protests pursuant to 28 U.S.C. § 2636(d).

lamps and bulbs, and that such values are those claimed in plaintiff's amended complaint, which are:

| Item No. | Lamp | Bulb |
|---|---|---|
| 101 | $1.29 each, net, pkd_____ | $0.27 each, net, pkd. |
| 116 | $2.56 each, net, pkd_____ | $0.23 each, net, pkd. |
| 122 | $1.71 each, net, pkd_____ | $0.23 each, net, pkd. |
| 126 | $2.07 each, net, pkd_____ | $0.23 each, net, pkd. |
| 311 | $1.74 each, net, pkd_____ | $0.13 each, net, pkd. (2 per lamp) |
| 313 | $1.83 each, net, pkd_____ | $0.11 each, net, pkd. (2 per lamp) |

The parties submitted the case on the foregoing stipulation, the pleadings, and motion papers hereinbefore filed; their requests to be relieved from filing further briefs were granted.

Upon the record, pleadings and other papers before the court, I find export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1401a(b)), to be the proper basis for determination of the values of the lamps and bulbs herein, and the said export values are those specified above, as stipulated and agreed by the parties in open court.

The regional commissioner is directed to reliquidate the entries in accordance with my interlocutory adjudication and order entered on April 27, 1973 in C.R.D. 73–11 and in conformance with the values set forth herein.

Judgment will be entered accordingly.