The **FIRESTONE TIRE & RUBBER COMPANY**

v.

**UNITED STATES.**

C.R.D. 74–3; Court Nos. 72–5–01060, 72–9–01969.

United States Customs Court.
March 29, 1974.

Kirkland, Ellis & Rowe, Washington, D. C. (James M. Johnstone and Robert D. Strahota, Washington, D. C., of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen., Frank J. Desiderio, trial atty., New York City, for defendant.

NEWMAN, Judge:

The Government has moved for an order vacating the summary judgment entered herein for plaintiff on October 11, 1973, 364 F.Supp. 1394 (C.D. 4474); and either entering a judgment for defendant, or alternatively restoring this action to its prior status for amendment of the pleadings and for determination of the value of certain processing which occurred in Canada, as provided in item 806.30, of the Tariff Schedules of the United States (TSUS).

Plaintiff has filed an opposition to defendant's motion and a cross-motion for an amended summary judgment supported by an affidavit and "summary sheet".

For the reasons stated, defendant's motion for rehearing is granted (upon the terms specified hereinafter), and plaintiff's cross-motion for an amended summary judgment is denied at this time.

The background of these proceedings follows:

So-called top and bottom domes for premix soda syrup containers were manufactured in the United States by a division of Firestone, and then shipped to Uniroyal, Ltd. in Montreal, Canada (Uniroyal). At Uniroyal, a shock-resistant quality was imparted to the domes by the application of a rubber coating. Thereafter, the domes were returned to Firestone in the United States for completion of manufacture.

Upon importation of the metal domes from Canada, plaintiff claimed that duty should be assessed upon only the value of the processing in Canada pursuant to item 806.30, TSUS.[1] That claim was rejected by the customs officials, and duty was assessed upon the full appraised value of the domes.

In these consolidated civil actions, plaintiff claimed that the domes were subjected to "further processing" outside the United States within the meaning of item 806.30; and under that provision the entries should have been liquidated upon only the value of the processing outside the United States, rather than upon the full appraised value of the imported articles.

Plaintiff moved for summary judgment, contending that there was no genuine issue as to any material fact. Defendant cross-moved for summary judgment in its favor, agreeing with plaintiff that there was no genuine issue as to any material fact. Significantly, no question concerning the cost or value of processing in Canada was raised by either party. Indeed, the only issue argued by the parties and considered by the court was whether the domes were further processed outside the United States within the purview of item 806.-30.

This court granted plaintiff's motion (C.D. 4474), finding "that there is no genuine issue of fact to be tried in this case, and that as a matter of law the articles in issue were further processed outside the United States within the purview of item 806.30, TSUS, as claimed by plaintiff"; and additionally, ordered "that the district director reliquidate the entries covered by these civil actions, and in so doing assess the appropriate rate of duty *upon the value of*

1. Item 806.30 reads as follows:

806.30 Any article of metal (except precious metal) manufactured in the United States or subjected to a process of manufacture in the United States, if exported for further processing, and if the exported article as processed outside the United States, or the

the article which results from the processing outside the United States, is returned to the United States for further processing . . . . A duty upon the value of such processing outside the United States * * *

*the processing outside the United States,* in accordance with item 806.30, TSUS". [Emphasis added.]

In its present motion, defendant now asserts that the court has made no finding or determination of the value of the processing performed on plaintiff's domes in Canada; and that "nowhere in the complaint, memorandum in support of its motion for summary judgment, or accompanying affidavits, does plaintiff allege what it considers to be the value of said further processing". Citing my recent decision in Mobilite v. United States, 70 Cust.Ct. 359, C.R.D. 73–11, 358 F.Supp. 267 (1973), defendant now insists that without such allegation concerning value and proof in support thereof, plaintiff was not entitled to summary judgment, but rather that "only partial summary judgment for plaintiff is possible on these facts".

I agree.

In *Mobilite*, after deciding that certain lamps and bulbs were not dutiable as entireties, but as separate articles, this court held that under the Customs Courts Act of 1970, P.L. 91–271, 84 Stat. 274, it was incumbent upon the court to judicially determine the separate values of the articles in the same proceeding.[2] It was observed (70 Cust.Ct. at 365–366, 358 F.Supp. at 272–273):

> One of the most significant changes made in the existing procedure by enactment of the pioneering Public Law 91–271 was abolishing the remand of protests by a division of three judges to a single judge for determining value, and giving jurisdiction to single judges to hear *all* issues arising out of any entry or liquidation. Thus, in the new law Congress intended that "[t]here will be a single judicial proceeding in which all issues, including both appraisement and classification,

will be considered". H.R.Rep.No.91–1067, 91st Cong., 2d Sess. 11 (1970); S.Rep.No.91–576, 91st Cong., 1st Sess. 12 (1969). See also A. N. Deringer, Inc. v. United States, 70 Cust.Ct. ——, C.R.D. 73–4, *supra*. Granting plaintiff's request to enter a final judgment referring this matter to the customs officials, with the issue of separate values judicially unresolved, would squarely defeat Congress' maniest intent. Hence, the determination of the separate values for the lamps and bulbs remains to be judicially resolved in this case; and of course, the burden of proof respecting such issue rests upon plaintiff.

Inasmuch as the complaint in *Mobilite* did not allege the separate values of the lamps and bulbs, it was held that issue had not been joined on the ancillary value aspect of the case. Accordingly, plaintiff's motion for summary judgment was denied, and leave was granted to file an amended complaint alleging the separate values of the lamps and bulbs. Defendant was granted time after service of an amended complaint in which to file an amended answer. Since the threshold issue of entireties had been determined, and only the ancillary value issue remained, partial summary judgment was entered for the plaintiff.[3]

Although *Mobilite* was an "entireties" case, I am clear that the rationale therein requiring a determination of classification and value issues in the same civil action is fully applicable to these civil actions involving item 806.30, TSUS.

Plaintiff here contends, however, that the aggregate value of the processing in Canada ($101,137) [4] is ascertainable from the official record; that the aggregate amount of additional customs duties assessed in liquidation was $14,576.26, which additional duties were

---

2. Plaintiff had urged that the court enter a judgment dismissing the action as premature, and referring the matter to the appropriate customs officials to make valid appraisements "in accord with the judicially determined separate tariff status of the import".

3. Subsequently, the value issue was disposed of by stipulation of the parties in open court. Mobilite, Inc. v. United States, 71 Cust.Ct. ——, C.D. 4478 (1973).

4. These two consolidated civil actions cover fourteen entries.

predicated solely upon the valuation by the Government of the processing in Canada; and that the "[c]ustoms authorities necessarily accepted the value of further processing as claimed by plaintiff in arriving at their determination of the full value of the entries". Plaintiff further argues that defendant "should be estopped from raising or contesting a valuation issue at this stage of the proceedings".

Defendant, on the other hand, urges that an examination of the entries reveals that the customs officials made no determination of the value of the processing in Canada; that the appraisements were made without regard to any invoiced charges for work performed, or the value of the goods exported to Canada; and that the appraisements reflect solely the value of the merchandise at the time of importation into the United States.

Thus, defendant disputes that the additional duties are attributable solely to the value of the processing in Canada, and emphasizes there has been no official finding by the customs authorities concerning the value of processing in Canada.

While the applicability of item 806.30 to the entries in this case was clearly established in the prior proceedings leading to the order in C.D. 4474, I have noted that plaintiff, unfortunately, did not allege in the complaint either its cost or the value of the processing in Canada, which are the criteria of value set forth in headnote 2(a), schedule 8, part 1, subpart B.[5] Neither is there an allegation in the complaint that the Government predicated the assessment of additional duties solely upon the value of

the processing in Canada, or that the customs officials accepted the value of further processing claimed by plaintiff. Under these circumstances, I am constrained to agree with defendant that, following the rationale in *Mobilite*, only partial summary judgment could properly be entered for plaintiff. Additionally, plaintiff's contention that defendant should be estopped from raising or contesting a valuation at this stage of the proceedings is without merit.

Since the pleadings have not been addressed to the cost or value of the processing, as noted above, I deem it premature at this juncture to consider plaintiff's cross-motion for an amended summary judgment. Therefore, the cross-motion will be denied, and the affidavit and "summary sheet" submitted by plaintiff in support thereof will not be considered at this time.

In accordance with the views stated herein, it is hereby adjudged and ordered:

1. Defendant's motion for rehearing is granted.

2. The summary judgment entered for plaintiff on October 11, 1973 in C. D. 4474 is vacated and set aside.

3. Predicated upon the undisputed facts set forth in C.D. 4474, I find and hold that the domes in issue were further processed outside the United States within the purview of item 806.30, TSUS, as claimed by plaintiff, and a partial interlocutory summary adjudication in plaintiff's favor is hereby made to that effect.

4. Plaintiff's cross-motion for an amended summary judgment is denied at this time.

---

5. Schedule 8, part 1, subpart B, headnote 2(a) reads:

 2. *Articles repaired, altered, processed, or otherwise changed in condition abroad.* —The following provisions apply only to items 806.20 and 806.30:

 (a) The value of repairs, alterations, processing, or other change in condition outside the United States shall be—

 (i) the cost to the importer of such change; or

 (ii) if no charge is made, the value of such change,

as set out in the invoice and entry papers; except that, if the appraiser concludes that the amount so set out does not represent a reasonable cost or value, then the value of the change shall be determined in accordance with section 402 or 402a of this Act.

5. Plaintiff may file an amended complaint alleging the cost or value of the processing in Canada, said amended complaint to be filed within fifteen (15) days after the service of this order. Defendant is granted fifteen (15) days after service of an amended complaint in which to file an amended answer.