*Inc.* v. *United States*, 80 Cust. Ct. 17, C.D. 4731. Hence any action which seeks to reliquidate an entry, the liquidation of which is void *ab initio*, is one which requests an impossible act and is therefore a nullity.

I am therefore constrained to dismiss the action as being based upon a void act. Judgment will be entered accordingly.

(C.D. 4733)

CORNING GLASS WORKS *v.* UNITED STATES

Court No. 75-8-02008

(Dated January 26, 1978)

*Murray Sklaroff* for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General
(*John J. Mahon*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved, pursuant to rule 12.1, for an order granting a rehearing, and for vacatur of the decision and judgment entered in this action on October 4, 1977 (79 Cust. Ct. 72, C.D. 4716 (1977)). Plaintiff has filed an opposition to defendant's application.

For the reasons indicated herein, defendant's motion is denied.

1

This action concerns the proper tariff classification for certain "Rota" ampul inspection machines, which were assessed with duty in liquidation at the rate of 25 per centum ad valorem under the provision in item 710.90, TSUS, as modified by T.D. 68-9, for "Optical measuring or checking instruments and appliances not provided for elsewhere in subpart C, D, or F of this part [part 2, schedule 7], and parts thereof: * * * Other". Plaintiff claims, *inter alia*, that the Rotas are properly dutiable at the rate of 5 per centum ad valorem under the provision in item 678.50, TSUS, as modified by T.D. 68-9, for "Machines not specially provided for".

In C.D. 4716, I held the Government's classification under item 710.90 to be erroneous, since the Rota machines perform neither a measuring nor checking function. Inasmuch as such finding was dispositive of the propriety of defendant's classification under item 710.90

it was unnecessary to further determine whether or not the Rota machines are "optical instruments".

### 2

In support of its present motion, defendant advances the argument that "whether or not it [Rota machine] performs a measuring or checking function, it is specifically provided for as such in item 708.89, TSUS, as other optical appliances and instruments not provided for elsewhere in part 2 of schedule 7"; and that "in the absence of a more specific enumeration, item 708.89, TSUS, must provide for the Rota, unless it is held not to be an 'optical' appliance or instrument". Defendant further contends that plaintiff failed to rebut the presumption that the Rota machines are optical instruments, and therefore plaintiff's claim under item 678.50, TSUS, should not have been sustained.

In opposition to defendant's motion, plaintiff argues that it has negated the Government's classification under item 710.90 by showing that the Rota machines perform neither a measuring nor checking function; and consequently, even assuming the machines are optical instruments, they are not classifiable under item 710.90. Plaintiff further points up that an examination of the pleadings, post-trial briefs and the record shows that defendant made no alternative claim for classification under item 708.89 or other tariff provision; and that the court should not have to consider all possible classifications for the merchandise, "especially where such possibilities were *not* raised by a party". Finally, plaintiff contends that even if there is a presumption arising out of the classification of the Rotas under item 710.90 that they are optical instruments, defendant has not claimed another possible classification that could utilize such presumption.

### 3

At the outset, it should be observed that defendant concededly made no alternative claim prior to the decision in C.D. 4716 under item 708.89 or under any other provision for optical instruments in the tariff schedules. Nevertheless, I wish to stress that I am not precluded from now considering, on the merits, an alternative claim in the interest of justice. Indeed, a decision is not carved in stone, and in the interest of justice a court may, under an appropriate set of facts and circumstances, revise or change its decision in accordance with the court's rules respecting rehearings. Thus, for examples of cases in which the court has granted a rehearing to consider a new claim or other issue, see: *United States* v. *Shell Oil Co., Inc., et al.*, 44 CCPA 54, C.A.D. 637 (1957) (after the protest had been overruled without sustaining the collector's classification, the Customs Court

permitted the importer to amend its protest on rehearing to make a new claim, which was sustained); *The Firestone Tire & Rubber Company* v. *United States*, 72 Cust. Ct. 296, C.R.D. 74-3 (1974) (defendant was permitted to raise an appraisement issue for the first time on rehearing); *P. Beiersdorf & Co., Inc.* v. *United States*, 14 Cust. Ct. 151, C.D. 927 (1945) (on rehearing, defendant raised new issue under internal revenue code). And *cf. Hormel* v. *Helvering*, 312 U.S. 552, 557 (1941); *United States* v. *Collin & Gissel (Ludwig Baer)*, 29 CCPA 96, 101, C.A.D. 176 (1941); *Border Brokerage Co., Inc.* v. *United States*, 64 Cust. Ct. 446, 448, C.D. 4017 (1970).

Fundamentally, of course, the granting or denial of a rehearing is within the sound discretion of the court. *Commonwealth Oil Refining Company, Inc.* v. *United States; United States* v. *Commonwealth Oil Refining Company, Inc.*, 60 CCPA 162, 166, C.A.D. 1105, 480 F. 2d 1352 (1973); *United States* v. *Shell Oil Co., Inc., supra; Thornley & Pitt et al.* v. *United States*, 19 CCPA 221, T.D. 45325 (1931).

4

Initially, I interpreted defendant's memorandum in support of its motion for rehearing as presenting an alternative claim under item 708.89, and hence *sua sponte* scheduled and heard oral argument. However, at the oral argument, defendant surprisingly disavowed item 708.89 as an alternative classification, and insisted upon reinstatement of its original classification under item 710.90 (Tr. oral arg. 2, 12–13, 16). Although expressly eschewing any alternative classification in support of its motion for rehearing, defendant in effect seeks to have this court *sua sponte* determine the merits of classifying the merchandise under item 708.89. In this connection, defendant cites *United States* v. *New York Merchandise Co., Inc.*, 58 CCPA 53, C.A.D. 1004, 435 F. 2d 1315 (1970).

But in *New York Merchandise*, the Government *specifically asserted an alternative classification* (toys), arguing that if the original classification (toy figures of animate objects) were held to be incorrect, the imported articles should be held classifiable under the claimed alternative provision. Thus, the Court of Customs and Patent Appeals observed (58 CCPA at 58–59):

> * * * In this case, the original classification [toy figures of animate objects] required a finding that the subject articles were, *inter alia*, "toys". *When the government asserted the broader provision*, covering toys, in general, *as an alternative to the original classification*, it should have been permitted to rely on the presumption of correctness attaching to that subsidiary finding of the Collector. * * * [Emphasis added.]

Plainly, since here defendant did not assert, and in point of fact disavowed. any alternative classification, reliance upon *New York*

*Merchandise* is entirely misplaced. The presumption of correctness attaching to the classification of the Rota machines as optical instruments and appliances under item 710.90 cannot benefit defendant *under another tariff provision (i.e., item 708.89) which it rejects as an alternative classification.**

The short of the matter is that if defendant wished the court to consider whether the Rota machines are classifiable as optical instruments under item 708.89, it is an implicit imperative that such alternative tariff classification should have been expressly asserted by defendant as an affirmative defense. See rules 4.6 (c) and (d). Defendant's suggestion that the Rota machines are classifiable under item 708.89 was purely gratuitous in light of defendant's disclamation of that provision as an alternative classification. Manifestly, under these circumstances, it would be a gross injustice to plaintiff were the court to *sua sponte* consider item 708.89 as an alternative classification, and accordingly I decline to do so. It is unnecessary, therefore, to reach the issue of the relative specificity of items 708.89 and 678.50, which is argued by defendant.

In the absence of an alternative claim by defendant under item 708.89, or some other optical instruments provision, asserted as an affirmative defense, I am unable to agree with defendant's position that plaintiff has failed to sustain its burden of proof. As the issues have been framed by the parties, plaintiff has sustained its dual burden of proof by negating the applicability of item 710.90 and establishing its claim under item 678.50.

For the reasons stated herein, defendant's motion is denied, and an order to that effect will be entered.

---

*In C.D. 4716, I noted that the issue of whether a "Strunck" ampul inspection unit is an "optical instrument" was decided favorably to defendant's classification under item 710.90 in Judge Landis' decision in *Amaco, Inc. v. United States*, 74 Cust. Ct. 172, C.D. 4602 (1975). *Amaco* was cited with approval in *United States v. Ataka America, Inc.*, 64 CCPA 60, C.A.D. 1184, 550 F. 2d 33 (1977) (footnote 4), and was followed by Judge Maletz in *Norman G. Jensen, Inc. v. United States*, 77 Cust. Ct. 9, C.D. 4668 (1976). However, even assuming that here the Rota machines are optical instruments, in any event they are not classifiable under item 710.90 inasmuch as they perform neither a measuring nor checking function. Moreover, I need not determine whether the Rota machines are classifiable under item 708.89 since defendant has made no alternative claim under that, or any other, provision for optical instruments.