**L. BATLIN & SON, INC.**

v.

**UNITED STATES.**

**C.D. 4365; Port of New York, Court No. 68/26282–14083 on Metal Products.**

United States Customs Court.
July 19, 1972.

Barnes, Richardson & Colburn, Earl R. Lidstrom, New York City, for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen., Joseph I. Liebman, New York City, trial atty., for defendant.

RICHARDSON, Judge:

This is a motion by plaintiff for summary judgment pursuant to Rule 8.2. The merchandise involved in this action is described on the commercial invoice accompanying the entry as "Half Bird Cage decoration Lamp Set small size with 4 lites and 1 spare bulb." This merchandise, imported at New York from Hong Kong, was classified in liquidation under TSUS item 653.40 as illuminating articles at the duty rate of 19 per centum ad valorem. And it is al-

leged in the complaint that the merchandise should be classified under TSUS item 688.40 as electrical articles not specially provided for at the duty rate of 11.5 per centum ad valorem.

Rule 8.2 authorizes a party to make a motion for summary judgment after issue has been joined in an action where the moving party can establish by way of the pleadings, depositions, admissions, and affidavits that there is no genuine issue of fact to be tried by the court. And when a motion for summary judgment is supported in such manner the adverse party may not rest upon the allegations of his pleading in resisting the motion, but must set forth specific facts showing that there is a genuine issue for trial in order to avoid the awarding of summary judgment against him.

On this motion plaintiff relies upon certain admissions in the pleadings and statement of material facts required under the rule. Thus, for the purposes of this motion, it is admitted that the merchandise at bar consists of bird cages with flowers and lights, which are decorative, and which provide illumination from an electrical source sufficient only to illuminate said cages, that the articles are wired so that they may be connected to an electrical power source, and that for tariff purposes the imported article is not an illuminating article as that term is used in item 653.40. However, under so-called "separate defenses" contained in the answer defendant alleges in substance that the disputed articles are chiefly used in the household, in consequence of which they are more specifically provided for under TSUS provisions for household articles, depending upon the component material of chief value, and asks for affirmative relief, in the alternative, that they be so adjudged by the court.

In support of the motion plaintiff relies upon the case of Ross Products, Inc. v. United States, 433 F.2d 804, 58 CCPA 1, C.A.D. 994 (1970), said by plaintiff to be *stare decisis* on the admitted facts before the court. Defendant contends, on the other hand, that C.A.D. 994 is not *stare decisis* of the issues at bar, owing to the presence in the instant case of the factual issues of chief use and component material of chief value which were not litigated in C.A.D. 994.

In C.A.D. 994 the merchandise consisted of decorative planters in the form of simulated bird cages containing a number of artificial roses of plastic material with small electric bulbs inside the rosebuds, which bulbs were arranged on an electric cord terminating in an electrical plug. The planters had been classified in liquidation under TSUS item 653.40 as illuminating articles, and that classification was upheld by the second division of the Customs Court in C.D. 3849 as against the importer's contention that the articles should be classified under TSUS item 688.40 as electrical articles not specially provided for. Testimony in the record showed that the small bulbs in the articles, which were tinted to blend with the color of the artificial roses and disposed in the buds so that only the tips protruded over the flowers, were provided to give the flowers "a glistening or life-like effect like after the morning dew." In reversing the decision and judgment of the Customs Court, our appeals court said (433 F.2d page 808, 58 CCPA, pages 5 and 6):

. . . we think that the record clearly warrants the further conclusion that the importations are basically decorative articles and are useful as decorations in lighted areas as well as in the dark and with their bulbs unlighted as well as lighted. The function of the lights is to enhance the decorative effect of the articles by serving as a part of the artificial flowers as well as by furnishing illumination to the articles themselves. Any lighting of the surrounding space is only incidental to the use of the importations as decorative articles which may be at least partially self-illuminated.

It may well be, as urged here and apparently stressed below, that articles which are "lamps" or "lights" are, either by common or commercial understanding, also illuminating articles, even in the case of highly decorative lamps or of night lights (which are obviously used to illuminate an area even though they produce only a minimum amount of light). However, neither the testimony of record nor inspection of the representative exhibits warrants a conclusion that the present articles are "lamps" or "lights". Rather the record is convincing that they are decorative articles in the form of planters having no substantial use as articles for illuminating the surrounding area. Thus, any presumption of substantial use as an illuminating article that might arise from the original classification of the articles under item 653.40 is overcome.

Except for its contention for classification in item 653.40, which we have found erroneous, the government does not challenge the importer's claim for classification as electrical articles, n. s.p.f., in item 688.40, TSUS. Also, the latter classification appears applicable from the present record. The importer's claim is thus found correct and the judgment of the Customs Court is *reversed*.

■ In deciding a motion for summary judgment the court is obliged to look beyond the pleadings to the underlying evidentiary facts of record. In this posture the court finds from the instant record that the merchandise at bar is in all material respects the same as that before the court in C.A.D. 994. As to whether the legal issues at bar are the same as those before the court in C.A.D. 994, it is to be noted that the only evidence of "use" of the subject merchandise to which the court's attention has been called is that contained in record in C.A.D. 994. In his brief filed in connection with this motion, defendant's counsel states (page 18):

. . . The testimony in the case of Ross Products, Inc. v. United States, 58 CCPA 1, C.A.D. 994, 433 F.2d 804 (1970), which case is relied upon by the plaintiff, creates a reasonable probability that the instant merchandise is chiefly used in *the household.* The article's designer and chairman of the board of the importer therein stated:

I thought it would make a very attractive wall decoration or as an ornamental item to be used in the house (R.14).

He saw them used in Chicago, Illinois; Los Angeles, California; New York, New York; Indiana, and other places, in the living rooms of homes or the kitchen (R.20). The merchandise was designed to "beautify the home" and has no other use (R.21).

But evidently this evidence of "use" to which defendant's counsel calls attention here did not persuade our appeals court in C.A.D. 994 inasmuch as that court resolved the matter in favor of the article's electrical properties. In this connection, our appeals court concluded in that case:

Also, the latter classification [item 688.40] appears applicable from the present record. The importer's claim is thus found correct and the judgment of the Customs Court is *reversed.*

■ The TSUS provisions for household articles are not more specific than the provisions of item 688.40 on which plaintiff relies. Even assuming such a possibility, the burden is, nevertheless, on the defendant to establish the applicability of such household provisions in this case. The plaintiff has shown that some specific alternative classification to that adopted in liquidation, and conceded by defendant to be erroneous, is proper in the light of the evidentiary facts of record. *Cf.* United States v. New York Merchandise Co., Inc., 435 F. 2d 1315, 58 CCPA 53, 58, C.A.D. 1004 (1970). Moreover, defendant has assumed the burden of establishing the applicability of such household provisions

here under the affirmative defenses on which it seeks affirmative relief in this action. And on the instant record defendant has plainly defaulted in discharging that burden. Thus, the legal arguments and conclusions advanced in the defendant's brief relative to the household articles provisions, in the absence of evidentiary facts to which these arguments and conclusions might attach, are ineffective. In a similar situation recently before the court, Judge Maletz, in deciding a motion for summary judgment under the rules in Royal Bead Novelty Co., Inc. v. United States, 68 Cust.Ct., C.D. 4353, decided May 10, 1972, stated:

> Against this background, defendant insists that plaintiff has not established the absence of any genuine issue of fact. However, it fails to specify what issue remains for trial. The pleadings and evidentiary matter in support of plaintiff's motion have not been controverted in any material fashion; and the documents filed by defendant set forth no facts which show the existence of a material factual dispute.

Defendant, apparently anticipating that its resistance to plaintiff's motion herein would be found wanting by the court in the matter of evidentiary facts, has invoked Rule 8.2(g) as an alternative in an effort to gain additional time within which to bolster its case with the necessary evidentiary facts. Thus, in his affidavit, defendant's counsel avers:

> 4. That, upon information and belief, it is believed that additional factual issues, not considered in the case of Ross Products, Inc. v. United States, C.A.D. 994, exist.

> 5. That it was not necessary for Customs officials to ascertain those facts when it was determined that the merchandise was classifiable under item 653.40, TSUS.

> 6. That knowledge of some of the additional facts are in the exclusive possession of the plaintiff or its privies.

It is the opinion of this court that the foregoing excerpts from counsel's affidavit do not satisfactorily explain or account for the delay on the part of the defendant in seeking out the pertinent evidentiary facts, if any there be, to support his general claim. The affiant, as defendant's trial counsel in the case from the outset, must have been aware of his responsibility to muster evidence to support the affirmative defenses set up in the defendant's answer, irrespective of the court's ultimate views as to the legal theories of the case propounded by the parties. But not only has defendant failed in its pleading to identify any particular provision under the household articles provisions it relies upon to defeat plaintiff's action, but its counsel has failed to indicate to the court in his Rule 8.2(g) affidavit even the general nature of the facts he seeks time to develop, in order to defeat or delay the instant motion. Hence, the circumstances of this case raise considerable doubt in the court's mind as to the existence of any "facts" at all, and give rise to the view that further delay herein will only result in a "fishing" expedition. As the Court of Appeals for the District of Columbia said in a similar situation in Chung Wing Ping v. Kennedy, 111 U.S.App.D.C. 106, 294 F.2d 735, 737, cert. denied, 368 U.S. 938, 82 S.Ct. 380, 7 L.Ed.2d 337:

> . . . Diligent prosecution of a cause of action which is dependent for success upon discovery demands that the plaintiff seek discovery in preparation of his case and not as a backdoor defense to a test of the merits of his claim.

Similarly, in the instant case the court is not convinced that defendant has shown good reasons for delaying the disposition of the instant motion. Also, on the record before the court, the court is of the view that the legal issues at bar are the same as those before the

court in C.A.D. 994, in consequence of which, the decision in C.A.D. 994 is *state decisis* of the instant controversy. Therefore, plaintiff's motion for summary judgment is granted.

Judgment will be entered accordingly.