The UNITED STATES, Appellant,
v.
L. BATLIN & SON, INC., Appellee.
Custom Appeal No. 5521.

United States Court of Customs
and Patent Appeals.
Dec. 6, 1973.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Joseph I. Liebman, New York City, for the United States.

Earl R. Lidstrom, Irving Levine, New York City (Barnes, Richardson & Colburn), New York City, attorneys of record, for appellee.

Before MARKEY, C. J., and RICH, BALDWIN, LANE and MILLER, JJ.

BALDWIN, Judge.

This appeal is from the decision and judgment of the United States Customs Court [1] granting the importer's motion for summary judgment upon his classification protest.

The merchandise consists of half birdcages with flowers and lights therein, which were classified under item 653.40 of the Tariff Schedules of the United States (TSUS) as "[i]lluminating articles * * *: Other" and assessed at 19 per centum ad valorem. The import-

---

1. L. Batlin & Son, Inc. v. United States, 69 Cust.Ct. ——, C.D. 4365, 345 F.Supp. 996 (1972).

er had claimed that classification was proper under item 688.40, TSUS as "[e]lectrical articles and electrical parts of articles, not specially provided for" which are dutiable at 11.5 per centum ad valorem.

The issue before us is whether the Customs Court, in granting the importer's motion for summary judgment, was correct in holding that Ross Products, Inc. v. United States, 433 F.2d 804, 58 CCPA 1, C.A.D. 994 (1970), on the admitted facts before the court, was *stare decisis* of the instant controversy.

In support of its motion for summary judgment, the appellee relied upon certain admissions in the pleadings. In particular, the appellant had admitted that the imported merchandise was not an illuminating article, as that term is used in item 653.40, TSUS. It was further admitted that the merchandise consisted of bird cages with flowers and lights, which are decorative, which provide illumination from an electrical source sufficient only to illuminate said cages, and which are wired so that they may be connected to an electrical power source. These admissions were made by appellant in response to appellee's contention that the merchandise was the same in all material respects as the merchandise at bar in *Ross* [2] wherein the merchandise was held to be properly classified under item 688.40, TSUS.

■ In its determination of whether the appellee had established the absence of a genuine issue of any material fact to be tried by the court, the Customs Court reviewed this court's decision in *Ross* and considered the admissions in the pleadings. The court held the merchandise and legal issues at bar to be the same as those of *Ross*, in consequence of which, that decision was *stare decisis* of the instant controversy. Our review of

the record before us convinces us of the correctness of this holding. Furthermore, clear and convincing error in our prior decision has not been demonstrated such as would preclude the application of the principle of *stare decisis*. United States v. Dodge & Olcott, Inc., 47 CCPA 100, C.A.D. 737 (1960); R. J. Saunders & Co., Inc. v. United States, 54 CCPA 29, C.A.D. 898 (1966).

■ We do not find persuasive appellant's numerous arguments drawn to appellee's failure to meet his burden of proof. It should suffice to merely point out that the appellee's dual burden of proof was to produce substantial evidence tending to prove not only that the original classification was incorrect, but also that some specific alternative classification was proper. United States v. New York Merchandise Co., Inc., 435 F. 2d 1315, 58 CCPA 53, C.A.D. 1004 (1970). The appellant admitted that the original classification was incorrect and thus the first part of appellee's burden was satisfied. By pleading that the merchandise was the same in all material respects as the merchandise in *Ross*, which in substance was admitted by the appellant, the second portion of appellee's burden was satisfied. The burden of going forward thereupon shifted to the appellant to properly plead and show either the applicability of an alternative classification, such as one of the unspecified household article provisions suggested by the appellant, or the inapplicability of appellee's asserted alternative classification. On the record before us, we agree with the finding of the Customs Court that the appellant failed to discharge that burden.

■ With regard to appellant's contention that the Customs Court abused its discretion in denying its request for a continuance in order to permit additional

---

2. Although these facts were admitted, the appellant denied that the merchandise was otherwise the same in all material respects as the merchandise in *Ross*, insofar as the issues of chief use and component material of chief value were not litigated in that case.

discovery, we fully agree with the analysis of the issue in the opinion below and accordingly find no abuse of discretion.

For the foregoing reasons, the judgment of the Customs Court is affirmed.

Affirmed.