AMERICAN MOTORISTS INSURANCE COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82-1-00053

Before RE, *Chief Judge.*

34

(Dated February 1, 1983)

*Harvey Barrison* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Jerry P. Wiskin* on the briefs), for the defendant.

RE, *Chief Judge:* In this action, plaintiff American Motorists Insurance Company, the surety for the importer of record, Hector Rivera-Siaca, seeks the refund of additional duties assessed upon the reliquidation of entries made by Mr. Rivera. Plaintiff alleges that the reliquidations are void because they were erroneously carried out pursuant to section 520(c)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1) (Supp. IV 1980), which authorizes the reliquidation of entries to correct a "clerical error, mistake of fact or other inadvertence." Defendant, in opposition, contends that although some documents were stamped with a legend indicating that the entries were being reliquidated under the authority of section 520(c)(1), the entries were, in fact, reliquidated pursuant to section 521 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1521 (1976). Section 521 permits the reliquidation of entries which Customs has probable cause to believe were made by fraudulent means. Defendant also contends that, even if the reliquidations were ineffective, it may retain the duties under section 592(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592(d) (Supp. IV 1980), which authorizes Customs to collect any duties of which the United States has been fraudulently deprived. Both parties have moved for summary judgment.

The facts of this case establish that Customs reliquidated the subject entries pursuant to section 521, based on the allegedly fraudulent acts of the importer. Mr. Rivera, the importer, knew that the entries were being reliquidated because they were fraudulently made. Furthermore, plaintiff does not allege that it was unaware of the basis for the reliquidations. Since the use of the wrong stamp did not mislead or prejudice the rights of plaintiff, or the importer, in any way, the court deems the error harmless and finds that the subject entries were properly reliquidated under the authority of section 521. It is, therefore, unnecessary to consider whether Customs might retain the duties pursuant to section

592(d). Plaintiff's motion for summary judgment is denied; defendant's cross-motion is granted.

In ruling on cross-motions for summary judgment, the court must determine if there exist any genuine issues of material fact and, if there are none, decide whether either party has demonstrated its entitlement to judgment as a matter of law. *Carson M. Simon & Co.* v. *United States,* 3 CIT 4 (1982); *S. S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, 157, C.R.D. 76–6 (1976).

Preliminarily, the court must determine what evidentiary materials it will consider in deciding whether any genuine factual issues exist. In addition to the pleadings and official record, which the court may consider without further certification, a party seeking summary judgment must annex to its motion a statement of the material facts as to which it is contended there is no genuine issue to be tried. If the material facts set forth in the statement are not controverted by the opposing party, they are deemed admitted. Ct. Int'l Trade R. 56(i). *See also Suwannee Steamship Co.* v. *United States,* 79 Cust. Ct. 19, 21, C.D. 4708, 435 F. Supp. 389, 390 (1977); *Mobilite, Inc.* v. *United States,* 70 Cust. Ct. 359, 363–64, C.R.D. 73–11, 358 F. Supp. 267, 271 (1973).

The moving party may also support its motion for summary judgment with sworn affidavits setting forth such facts as would be admissible in evidence. The affidavits may be supplemented by depositions, answers to interrogatories, exhibits and other evidence which would be admissible at trial. Ct. Int'l Trade R. 56(f); Wright & Miller, *Federal Practice and Procedure* §§ 2721, 2722 (1973). If a motion for summary judgment is properly supported, the adverse party "may not rest upon the mere allegations or denials of his pleadings, but his response * * * must set forth specific facts showing that there is a genuine issue for trial." Ct. Int'l Trade R. 56(f). *See also L. Batlin & Son, Inc.* v. *United States,* 69 Cust. Ct. 14, 15, C.D. 4365, 345 F. Supp. 996, 997 (1972), *aff'd,* 61 CCPA 17, C.A.D. 1111, 487 F. 2d 916 (1973).

On these cross-motions for summary judgment, each party has submitted in compliance with Rule 56(i) a statement of allegedly undisputed material facts. In response to plaintiff's statement, defendant specifically controverts plaintiff's assertion that the section 520(c)(1) stamp indicates the basis for the reliquidations, and goes on to make additional assertions of facts tending to prove that the entries had been reliquidated pursuant to section 521 because of fraud. Plaintiff, rather than controverting defendant's assertions, avers only that they are "subject to trial."

In addition to its statement of undisputed facts, defendant has supported its motion for summary judgment by submitting to the court the following evidentiary items: plaintiff's responses to defendant's requests for admissions; plaintiff's responses to defendant's interrogatories; sworn affidavits, with accompanying exhibits, of four customs officials involved in the reliquidation of the entries;

a copy of the importer's bond; and a copy of the "Report of Investigation" generated by Customs investigation of Mr. Rivera's importing practices.

Plaintiff does not object to any of the evidentiary material submitted to the court except certain documents included in the official record transmitted to the court of Customs pursuant to 28 U.S.C. § 2635(a)(1) (Supp. IV 1980). Included in each of the 23 packets of documents constituting the official records of the subject entries are a request for reliquidation, Miami Region Form IV–RC–79(R), and a copy of the Customs Headquarters letter granting the district director of Customs at San Juan permission to request reliquidation of the entries. Plaintiff contends that these two documents should not be included in the official record because they are not among the documents specifically enumerated in section 2635(a)(1), nor do they fall within the class of documents listed in that section. Consequently, plaintiff argues that the court may not consider the Headquarters letter or the requests for reliquidation in deciding these motions for summary judgment.

28 U.S.C. § 2635 provides, in pertinent part:

> (a)(1) Upon service of summons on the Secretary of the Treasury in any civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 or the denial of a petition under section 516 of such Act, the appropriate customs officer shall forthwith transmit to the clerk of the Court of International Trade, as prescribed by its rules, and as a part of the official record—
>
>> (A) The consumption or other entry and the entry summary;
>> (B) The commercial invoice;
>> (C) The special customs invoice;
>> (D) A copy of the protest or petition;
>> (E) A copy of the denial, in whole or in part, of the protest or petition;
>> (F) The importer's exhibits;
>> (G) The official and other representative samples;
>> (H) Any official laboratory reports; and
>> (I) A copy of any bond relating to the entry.

Plaintiff's contention that the official record is limited to those documents explicitly listed in section 2635(a)(1), or to "like" documents, which plaintiff defines as documents "created by the importer," is erroneous. Section 2635(a)(1) is a "substantial restatement" of 28 U.S.C. § 2632(f) (1976) (repealed 1980). H. Rep. No. 96–1235, 96th Cong., 2d Sess. 54, *reprinted in* 1980 U.S. Code Cong. & Ad. News 3729, 3766. That section, which contained a similar list of documents to be transmitted to the court as part of the official record, was not intended to "restrict the official record to the listed items * * *. It merely specifies the minimum items which the customs officer must transmit to the * * * Court when an action has been instituted." H.R. Rep. No. 91–1067, 91st Cong., 2d Sess., *re-*

*printed in* 1970 U.S. Code Cong. & Ad. News 3188, 3206. Thus, it is clear that the official record may include documents other than those specifically enumerated in section 2635(a)(1).

Plaintiff correctly observes that the documents which comprise the official record must be limited to documents of the same character as those enumerated in section 2635(a)(1). However, plaintiff's notion of restricting the official record to documents "created by the importer" is ill-conceived. The documents listed in section 2635(a)(1) are those which are usually necessary to give a full account of the administrative action taken with respect to a particular entry. If administrative action is taken with regard to an entry, and that action is not reflected in any of the documents listed in section 2635(a)(1), further documentation is required to make the official record complete.

In this case, the requests for reliquidation instigated the process of reliquidating the subject entries and disclose that the entries were, in fact, reliquidated. Were the court to exclude these documents from the official record, as requested by plaintiff, the official record would not indicate that these entries had been reliquidated at all. It is entirely appropriate, therefore, that the requests for reliquidation be included in the official record.

The Headquarters letter, a copy of which is attached to each entry, would clearly be admissible as evidence at trial and has been separately authenticated in conjunction with the affidavits submitted by defendant. Thus, the court may also consider the Headquarters letter in deciding these motions for summary judgment. Ct. Int'l Trade R. 56(f).

On the question whether there exist any genuine issues of material fact, it is to be noted that on a motion for summary judgment "the court is obliged to look beyond the pleadings to the underlying evidentiary facts of record." *L. Batlin & Son, Inc.* v. *United States, supra,* 69 Cust. Ct. at 16; 345 F. Supp. at 998. "[M]ere formal denials or general allegations, which create the appearance of dispute but do not set forth specific facts, are not sufficient to raise a genuine issue of fact or to foreclose summary judgment." *Royal Bead Novelty Co.* v. *United States,* 68 Cust. Ct. 154, 156, C.D. 4353, 342 F. Supp. 1394, 1396 (1972).

Plaintiff in this action has failed to controvert specifically defendant's assertions of fact, or to set forth specific facts in support of its allegation that the subject entries were actually reliquidated pursuant to section 502(c)(1). On the present record, the court has determined that no genuine issues of material fact exist in this case.

The record reveals that between October 19, 1976 and January 2, 1979, Hector Rivera-Siaca, doing business as Guayaberas Don Hector, imported from Mexico and Panama a large quantity of ornamented men's shirts. These importations were covered by 23 separate entries which were liquidated between July 7, 1978 and Sep-

tember 7, 1979. With one exception that resulted in a small refund to the importer, all of the entries were liquidated as entered. American Motorists Insurance Company, the plaintiff in this action, acted as Mr. Rivera's surety throughout this period.

Subsequent to the liquidation of these entries, an informant's tip caused Customs to investigate Mr. Rivera's importing practices. On September 25, 1979, in an interview with a customs agent, Mr. Rivera admitted that from 1975 through 1979 he had engaged in a double-invoicing scheme which resulted in the value of imported goods being falsely understated by 50 to 65 percent. By falsely understating the values of the imported goods, Mr. Rivera was able to avoid paying the full amount of duties owed on each entry.

These admissions led Customs to conclude that there was probable cause to believe that fraudulent conduct was present in connection with the 23 entries that are the subjects of this action. On October 3, 1979, Mr. Rivera volunteered to surrender the merchandise still in his possession in partial payment of the duties owed.

In a letter from Customs Headquarters, dated February 7, 1980, the district director of Customs at San Juan was directed to reliquidate the entries pursuant to the authority of section 521 of the Tariff Act of 1930, 19 U.S.C. § 1521 (1976). That section provides:

§ 1521  Reliquidation on account of fraud

If the appropriate customs officer finds probable cause to believe there is fraud in the case, he may reliquidate an entry within two years (exclusive of the time during which a protest is pending) after the date of liquidation or last reliquidation.

Following these instructions, the district director issued requests for reliquidation for each of the 23 entries. The requests for reliquidation, which were issued on or about February 27, 1980, were made on Miami Region Form IV-RC-79(R).

Form IV-RC-79(R) is a single-page document which, among other things, contains a list of the several possible statutory bases for reliquidation of an entry. Beside each item on this list is a box which the person making the request must mark to indicate the statutory basis for the requested reliquidation. The statutory bases listed include "☐ Section 520, (Refund due to clerical error)" and "☐ Section 521, (Account of Fraud)." On the requests for reliquidation issued on each of the 23 entries involved in this action, the box beside "Section 521, (Account of Fraud)" is marked with an "X". Each reliquidation request also contained recommended values for the merchandise covered by that entry.

A reliquidation request and a copy of the February 7 Headquarters letters were attached to the entry papers for each of the 23 entries and all were forwarded to a Customs Service liquidator at the Miami Region. It was the liquidator's task to reliquidate the entries, calculating the amount of duties actually owed on each entry.

When the liquidator who received the 23 reliquidation requests had completed the necessary calculations, she imprinted each of the IV–RC–79(R) forms with the following stamp:

RELIQUIDATION

Sec. 520(c)(1), TA 1930

Ascertained Duty    $———.

Estimated Duty Paid    $———.

Increase-Refund    $———.

The liquidator then inserted by hand the amounts determined by her calculations for each of the entries. In each case, these reliquidations resulted in an increase in the amount of duties owed by the importer. The adding machine tape produced by the liquidator's calculations was attached to the consumption entry form previously filed for each entry. These tapes were also imprinted with a stamp indicating that the reliquidations has been carried out pursuant to section 520(c)(1) of the Tariff Act of 1930.

Section 520(c)(1) provides:

> (c) Reliquidation of entry
> Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
>> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction; * * *

A reliquidation under this provision invariably results in a refund to the importer.

In her affidavit submitted to the court, the customs liquidator who carried out these reliquidations stated that the section 520(c)(1) stamp was used on all reliquidated entries, regardless of the statutory basis for the reliquidation, because it was the only reliquidation stamp available at the Miami Region office. Depsite using the inappropriate stamp, the liquidator further stated that she had carried out the reliquidations according to the instructions given by the district director on the IV–RC–79(R) forms, *i.e.*, pursuant to section 521 of the Tariff Act of 1930, using the values recommended by the district director.

The 23 entries in this action were finally reliquidated on April 25, 1980. Since Mr. Rivera was unable to pay the increased duties,

demand was made upon his surety, American Motorists Insurance Company, the plaintiff in this action.

Plaintiff paid the increased duties and filed timely protests which were denied. In denying the protests, Customs indicated that the reliquidations had been properly carried out pursuant to section 521.

It is clear that following its investigation of Mr. Rivera, Customs had probable cause to believe that the 23 entries in this action were fraudulently made. Thus the entries were subject to reliquidation under section 521 at any time within two years of their prior liquidation. Relying on the authority of section 521, Customs reliquidated the entries. Customs, however, imprinted some documents with a stamp indicating that the reliquidations were being carried out under a different provision which was obviously inappropriate and incorrect.

The question presented pertains to the legal effect of the use of the inappropriate stamp on the validity of the underlying reliquidations. Plaintiff argues that an importer is entitled to an accurate representation as to the statutory basis for liquidation or reliquidation of an entry, and that, having used a stamp indicating that the entries were reliquidated pursuant to section 520(c)(1), Customs is barred from asserting that the entries were reliquidated under any other authority. According to plaintiff, since the entries could not lawfully be reliquidated under section 520(c)(1), the reliquidations are void.

Defendant agrees that the entries could not be reliquidated pursuant to section 520(c)(1), but contends that the section 520(c)(1) stamp is not conclusive evidence of the statutory basis for the reliquidations. Defendant submits that plaintiff is seeking an estoppel against the Government acting in its sovereign capacity, a result which is not permissible under the law.

Although plaintiff chooses not to characterize it as such, the request that the court find customs bound by its use of the section 520(c)(1) stamp must be construed as an attempt to invoke the doctrine of equitable estoppel. See *Flagstaff Liquor Co.* v. *United States,* 73 Cust. Ct. 132, 135, C.D. 4563, 388 F. Supp. 554, 558 (1974). The application of this doctrine in cases involving the collection or refund of duties on imports was authoritatively rejected by the Court of Customs and Patent Appeals in *Air-Sea Brokers, Inc.* v. *United States,* 66 CCPA 64, C.A.D. 1222, 596 F. 2d 1008 (1979).

In *Air-Sea Brokers,* the plaintiff sought duty-free entry for certain imported items although it had failed to file the required documentation. Plaintiff claimed that because Customs had stamped certain documents, RC–1–24's, with the word "canceled," it had waived the documentary requirement and was barred from asserting otherwise. The court permitted the government to prove that the documentary requirement had not been waived, stating:

> When acting in its sovereign capacity, the Government is acting for the benefit of the general public—a role clearly embracing the collection or refund of duties on imports. Accordingly, we hold that equitable estoppel, even if available in cases involving the Government in its proprietary capacity, is not available against the Government in cases involving the collection or refund of duties on imports.

66 CCPA at 68; 596 F. 2d at 1011.

Like the "canceled" stamp which was before the court in *Air-Sea Brokers,* the section 520(c)(1) stamp in the instant case "is not conclusive and must be considered in light of all the evidence." 66 CCPA at 67; 596 F. 2d at 1010. The evidence in the present case establishes beyond question that the subject entries were reliquidated pursuant to section 521.

Although estoppel may not be invoked against the government in cases involving the collection or refund of duties, the principles of equitable estoppel nevertheless disclose that, in this case, it would be unjust to bind the government by the stamp's erroneous assertion of the statutory authority for the reliquidations. Estoppel is an equitable device used to achieve a just and fair result when one person has relied in good faith on the word or inaction of another. An estoppel arises when, in the course of a transaction, one party misrepresents a material fact, intending the other party to rely upon its truthfulness. If the other party acts in reliance upon the representation, the party making the representation may not later deny its truth if the denial would harm or prejudice the other's rights. See *Bigelow on Estoppel* 603-4 (6th ed. 1913). *See also* Dobbs, *Remedies* 42 (1973). If, however, the fact misrepresented was "equally open to the knowledge of both parties * * * equity will not grant relief." *Bigelow on Estoppel* at 604.

> The person * * * who claims the benefit of this estoppel must show that he was ignorant of the truth in regard to the representation; and he must have been permissibly ignorant thereof. * * * If he knew or under all the circumstances ought to have known the facts, the estoppel * * * falls to the ground.

*Id.* at 681-82. *See also Matter of Pubs, Inc. of Champaign,* 618 F. 2d 432, 438 (7th Cir. 1980); *N.L.R.B.* v. *J.D. Industrial Insulation Co.,* 615 F. 2d 1289, 1294 (10th Cir. 1980); *Flagstaff Liquor Co.* v. *United States,* 73 Cust. Ct. 132, 138, C.D. 4563, 388 F. Supp. 554, 560 (1974).

In this case, the importer, Mr. Rivera, had admitted the fraud; he was fully aware of the basis for the reliquidations and had voluntarily surrendered the goods still in his possession in partial payment of the duties he owed. Furthermore, both the importer and the plaintiff had more than adequate opportunity to learn of the actual basis for the reliquidations by examining the entry papers.

The official record discloses that each of the IV-RC-79(R) forms bearing the misleading stamp also has a list of the possible statutory bases for reliquidation. On each form the box next to "Section

521 (Account of Fraud)" is checked. This blatant contradiction on the face of the IV–RC–79(R) forms is certainly enough to alert any interested party, including the surety, to the possibility of error. Furthermore, the section 520(c)(1) stamp was an obvious error. Section 520(c)(1) authorizes reliquidations to correct errors *adverse* to the importer. Thus, reliquidations under that provision invariably result in a refund to the importer. Each of the reliquidations covered by this action resulted in an assessment of additional duties.

Any possible ambiguity created by the presence of the section 520(c)(1) stamp was dispelled by the copy of the Headquarters letter attached to each entry. That letter describes the alleged fraud perpetrated by Mr. Rivera and advises the district director to reliquidate the entries pursuant to the authority of section 521. Under these circumstances, it is apparent that both the importer and the plaintiff either knew or should have known that the entries were being reliquidated under the authority of section 521. In fact, plaintiff does not allege that it, or the importer, was unaware of the true statutory basis for these reliquidations.

When procedural errors are committed during the course of agency action, courts are empowered to set aside that action. 5 U.S.C. § 706(2)(D) (1976). Nevertheless, agency action will not be set aside "unless the procedural errors complained of were prejudicial to the party seeking to have the action declared invalid." *Woodrum* v. *Donovan,* 4 CIT 46 (1982), *rehearing denied,* 4 CIT 130 (1982).

In the present case, plaintiff has failed to demonstrate that the use of the erroneous stamp actually misled anyone. Neither has plaintiff suggested how the presence of the stamp prejudiced its rights.

Plaintiff having suffered no prejudice as a result of the error committed by Customs, it is the determination of the court that the subject entries were properly reliquidated under the authority of section 521 of the Tariff Act of 1930, 19 U.S.C. 1521 (1976).

Plaintiff's motion for summary judgment is denied; defendant's cross-motion for summary judgment is granted.