**ALL CHANNEL PRODUCTS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court No. 86–03–00365 (BN).

United States Court of International Trade.

March 23, 1992.

Stedina & Deem, Charles P. Deem, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice and Saul Davis, for defendant.

### INTRODUCTION

NEWMAN, Senior Judge:

All Channel Products ("All Channel"), an importer of television apparatus from Japan in 1985, challenges the appraised "transaction" values used by the United States Customs Service ("Customs") in determining the amount of *ad valorem* duties to be assessed. This action falls within the court's exclusive jurisdiction pursuant to 28 U.S.C. § 1581(a). The current matter was reassigned to the writer on February 10, 1992.

There is no dispute that the imported merchandise was sold and invoiced by Tais-

---

ei Trading Co., Ltd. ("Taisei Trading") to All Channel at CIF NEW YORK unit prices totalling USD $13,491.00, which figure included insurance, ocean freight and separately identified inland freight and related charges. Customs appraised the imports on the statutory basis of transaction value ("TV"), in conformance with 19 U.S.C. § 1401a(b), deducting only for ocean freight and insurance charges from the total CIF price.

All channel does not dispute that TV is the proper basis for valuation appraisal of the subject merchandise, but protests Customs' failure in not deducting from the total CIF prices the separately invoiced charges for foreign inland freight and related expenses from the factory to the shipping port at Yokohama ("FIF charges").

Defendant moves, pursuant to Court of International Trade Rule 56, for summary judgment sustaining Customs' appraisement and dismissing the action. All Channel opposes defendant's motion asserting that there are genuine issues of material fact for trial establishing that the FIF charges were properly nondutiable.

For the reasons that follow, the court concludes there are no genuine material issues of fact for trial, and the undisputed facts establish, as a matter of law, that defendant is entitled to a summary judgment of dismissal.[1]

## DISCUSSION

### 1.

The pertinent statutory provisions regarding TV (19 U.S.C. § 1401a(b)) read:

(1) The transaction value of imported merchandise is the price actually paid or payable for the merchandise when sold for exportation to the United States * * *

\* \* \* \* \* \*

(4) For purposes of this subsection

(A) The term 'price actually paid or payable' means the total payment (whether direct or indirect, and *exclusive*

*of any costs, charges, or expenses incurred for transportation, insurance, and related services incident to the international shipment of the merchandise from the country of exportation to the place of importation in the United States*) made, or to be made, for imported merchandise by the buyer to, or for the benefit of, the seller. [Emphasis added.]

Defendant correctly posits that the plain language of the statute mandates that a TV appraisement be based on the "total payment" exclusive only of the specified costs, charges and expenses qualifying as "incident to the international shipment of the merchandise from the country of exportation to the place of importation." *Id.* It is apparent, however, that the TV statute itself does not specifically address the deductibility of *foreign inland* freight and related inland charges that are elements of a CIF destination price. However, regarding that question, the TV statute is further elucidated in the following amended Customs regulations:

§ 152.103 Transaction Value.

(a) *Price actually paid or payable—*

(5) *Foreign inland freight and other inland charges incident to the international shipment of merchandise.*

\* \* \* \* \* \*

(ii) *Sales other than ex-factory.* As a general rule, in those situations where the price actually paid or payable for imported merchandise includes a charge for *foreign inland freight, * * * that charge will be part of the transaction value to the extent included in the price. However, charges for foreign inland freight and other services incident to the shipment of the merchandise to the United States may be considered incident to the international shipment of that merchandise * * * if they are identified separately and they occur after the merchandise has been sold for*

---

**1.** The court holds that the Government's long pending motion for an order suspending the terms of the scheduling order set in connection with this lawsuit, on October 27 1988, is rendered moot by the court's decision granting summary judgment dismissing the action.

export to the United States and placed with a carrier for through shipment to the United States.

(iii) *Evidence of sale for export and placement for through shipment.* A sale for export and placement for through shipment to the United States under paragraph (a)(5)(ii) of this section *shall be established by means of a through bill of lading* to be presented to the district director. Only in those situations where it would clearly be impossible to ship merchandise on a through bill of lading (*e.g.*, shipments via the seller's own conveyance) will other documentation satisfactory to the district director showing a sale for export to the United States and placement for through shipment to the United States be accepted in lieu of a through bill of lading. [Emphasis supplied in part].

T.D. 81-7, 46 FR 2600, Jan. 12, 1981, as amended by T.D. 84-235, 18 Cust.Bull. 750, 49 FR 46888, Nov. 29, 1984 (emphasis added in part).

Specifically with reference to the deduction of foreign inland freight and related charges, Customs explained in T.D. 84-235, *supra:*

Customs has now reconsidered its previous interpretation of the Act [19 U.S.C. § 1401a] with respect to *foreign inland freight and related charges.* We have decided to amend the Customs Regulations, to *exclude from the price actually paid or payable for imported merchandise, the cost of all foreign inland freight and other services incident to the international shipment of this merchandise* to the United States *provided that* (1) these costs occur after goods have been sold for export to the United States; *and* (2) the goods have been placed with a carrier for through shipment to the United States. *These costs are now to be considered incident to the international shipment of the merchandise * * * and are therefore excludable from the price paid or payable for the merchandise.*

*Id.* (emphasis added).

Shortly after amending its regulations regarding deduction of foreign inland freight in T.D. 84-235, *supra,* Customs Headquarters issued a telex in February 1985 setting forth guidelines and interim instructions to Customs officials (the "February 1985 Telex"). The February 1985 Telex clarifies that in TV appraisements, FIF expenses in CIF and FOB transactions (non ex-factory sales) are not dutiable if: (1) the charges are separately itemized and claimed; (2) the claim and the amount is appropriate and reasonable; and (3) the FIF is freight from:

2. The point or place of manufacture or origin to the point or place where the merchandise enters the customs territory of the United States, *if acceptable evidence is available that substantiates that the merchandise was placed with a carrier for through shipment to the United States without the possibility of being diverted* [Emphasis supplied].

Significantly, in the February 1985 Telex, Customs instructed that deductibility of FIF charges under the circumstances described in subsection (3) category 2, *supra,* is indicated only where the shipment from the factory is by a:

'through bill of lading' which is submitted with the entry or entry summary [or at a later date approved by the district director] indicat[ing] that *one carrier or forwarder was in sole control of the shipment from the point or place of origin or manufacture through the interior point or port of exportation to the United States border * * *.* [Emphasis added].

It is uncontroverted that no through bill of lading or other acceptable documentation, as prescribed by § 152.103(a)(5)(iii), was submitted to Customs by All Channel, and that Taisei Trading employed two different carriers: a local inland trucker for transportation from the factory to Yokohama, and an ocean carrier (shipping line) for transport from Yokohama to the United States. Further, there is no dispute that the FIF charges occurred prior to loading the merchandise on the vessel at Yokohama, or that Taisei Trading did not receive payment from All Channel until after the

merchandise was loaded on the ocean vessel for shipment to the United States.

All Channel, insists, nonetheless, that there are genuine triable issues of fact as to whether the FIF charges "occur[red] after the merchandise ha[d] been sold for export to the United States and placed with a carrier for through shipment to the United States" within the purview of the amended regulations—and hence, as to whether the charges should have been considered as "incident to the international shipment of the merchandise" (19 U.S.C. § 1401a(b)(4)(A)).

Defendant argues, correctly, that the undisputed facts establish, as a matter of law, All Channel has not met the specified conditions of the amended regulation for nondutiability of the FIF charges.

Without belaboring what is obvious from a reading of § 152.103(a)(5)(ii) and (iii), the amended regulations were intended to provide a tightly circumscribed exception to the "general rule" (*i.e.*, that inland freight charges included in a CIF or other non-ex-factory sales price are dutiable) where the importer can satisfactorily document that the FIF charges were "incident to the international shipment of the merchandise."

Customs has broad discretion in prescribing the forms of satisfactory documentation that foreign inland freight charges are "incident to the international shipment of the merchandise." The requirement of the amended regulations of a through bill of lading (or other satisfactory documentation) clearly, effectively and reasonably implements the statutory and regulatory condition for deduction of freight charges that they be *incident to the international shipment of the merchandise from the country of exportation to the place of importation in the United States.*

The amended regulations may reasonably be construed to permit deductibility of FIF charges in a CIF or other non-ex-factory export sale "as incident to the international shipment of the merchandise" only in cases where the merchandise was placed with *one* freight forwarder or carrier for through shipment from the factory to the United States documented by a

through bill of lading (or other satisfactory documentation establishing through shipment). That reasonable construction of the amended regulation is accepted for purposes of these proceedings. *See Generra Sportswear Co. v. United States,* 905 F.2d 377, 379 (Fed.Cir.1990).

Patently, an arrangement where, as here, the exporter sold its merchandise on a CIF New York price and employed one forwarder for inland shipment and yet another for ocean transport, fails to meet the conditions specified in regulation subsections (a)(5)(ii) and (iii) for considering the FIF charges "incident to the international shipment of the merchandise," *i.e.* the FIF charges occurred *after* the merchandise had been sold for export to the United States *and* placed with a carrier for through shipment to the United States.

### 2.

All Channel's opposition to defendant's motion on the ground that there exist disputed material facts to be tried establishing the nondutiability of the FIF charges is totally lacking in merit. It is clear that All Channel submitted no affidavits, depositions, admissions or other evidentiary materials that place in issue any material facts. Even the statement from the president of Taisei Trading, Shigeaki Fujita, buttresses defendant's motion for summary judgment by acknowledging: (1) the sale was CIF destination; (2) shipment was performed by two separate carriers; and, (3) while it was impossible to obtain a through bill of lading, no other documentation is available establishing a sale for export and through shipment to the United States.

Fundamentally, to demonstrate that a genuine dispute as to material facts exists for trial in opposition to a motion for summary judgment, a litigant must show a basis for the factual dispute in the affidavits, if any, depositions, admissions, or answers to interrogatories supporting and opposing summary judgment. *See Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,* 833 F.2d 1560, 1562–63, 4 U.S.P.Q.2d 1793, 1795–96 (Fed.Cir.1987). Moreover, a formal denial or general allegation which

simply creates the appearance of a dispute is insufficient to raise issues of fact and preclude a disposition by summary judgment. *L. Batlin & Son, Inc. v. United States*, 69 Cust.Ct. 14, 16, C.D. 4365, 345 F.Supp. 996 (1972), *aff'd*, 69 CCPA 17, C.A.D. 1111, 487 F.2d 916 (1973); *Farr Man & Co. v. United States*, 4 CIT 55, 544 F.Supp. 908 (1982).

In any event, the court views the real controversy between the parties as essentially one of legal interpretation of the TV statute and regulations, not genuine issues of material fact. Inasmuch as the court agrees with defendant's construction of the pertinent legal provisions, the undisputed facts compel inclusion of the FIF charges in the transaction value of the goods as a matter of law. *See e.g., United States v. Imperial Food Imports*, 834 F.2d 1013, 1016 (Fed.Cir.1987). Indeed, absent the existence of any triable material issues of fact, summary judgment is recognized as the most favorable procedure designed "to secure the just speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendant's motion for summary judgment dismissing this action is granted.