## ALL CHANNEL PRODUCTS,
### Plaintiff–Appellant,

v.

## The UNITED STATES, Defendant–Appellee.

### No. 92–1299.

United States Court of Appeals, Federal Circuit.

Dec. 29, 1992.

Charles P. Deem, Stedina and Deem, New York City, argued for plaintiff-appellant.

Saul Davis, Dept. of Justice, Washington, DC, argued for defendant-appellee, with him on the brief were Stuart M. Gerson, David M. Cohen and Joseph I. Liebman. Of counsel was Sheryl A. French, U.S. Customs Service, Washington, DC.

Before RICH, PLAGER and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

All Channel Products appeals the judgment of the United States Court of International Trade dismissing All Channel's complaint which sought reliquidation of an entry covering television antennae parts manufactured in Japan. *All Channel Prods. v. United States,* 787 F.Supp. 1457 (Ct. Int'l Trade 1992).

The only issue before the Court of International Trade was whether the transaction value of the imported merchandise, upon which duty is assessed, excludes an amount incurred for foreign inland freight charges.

The pertinent statute, 19 U.S.C. § 1401a(b) (1988), reads in relevant part:

(1) The transaction value of imported merchandise is the price actually paid or payable for the merchandise when sold for exportation to the United States ...

\* \* \* \* \* \*

(4) For purposes of this subsection—

(A) The term "price actually paid or payable" means the total payment (whether direct or indirect, and exclusive of any costs, charges, or expenses incurred for transportation, insurance, and related services incident to the international shipment of the merchandise from the country of exportation to the place of importation in the United States) made ... for imported merchandise

. . . .

The imported merchandise was sold by Taisei Trading Co., Ltd. for a total payment of $13,491.00 to All Channel, computed on CIF (cost, insurance and freight) New York terms. Invoices for the merchandise separately identified charges incurred for inland freight from Taisei's factory to the port of Yokohama, charges incident to such inland transportation, and charges for

ocean freight and insurance covering the shipment from Japan to New York City. When computing the transaction value for duty purposes, Customs excluded from the CIF price only the amounts invoiced for ocean freight and insurance.

Although the relevant statute does not clearly provide for exclusion of foreign inland freight charges from the computation of transaction value, Customs has by regulation specified the precise circumstances in which an importer may properly deduct foreign inland freight charges from transaction value. 19 C.F.R. § 152.103(a)(5) (1992). That regulation, the application but not the validity of which All Channel challenges, only permits exclusion from transaction value of foreign inland freight charges if (a) the merchandise is shipped on a through bill of lading or (b) absent such a bill of lading, a single carrier or forwarder has sole control of the shipment from the foreign factory to the United States border.

Because it was undisputed that All Channel's imported merchandise was neither subject to a through bill of lading, nor under the control of a single carrier or forwarder, the Court of International Trade granted Customs' Motion for Summary Judgment sustaining Customs' appraisement and dismissing the action.

In this court, the appellant repeats the arguments made in the Court of International Trade. Because appellant fails to demonstrate the existence of any genuinely disputed issue of material fact to preclude entry of summary judgment, and also fails to show any legal error in the careful and correct analysis of 19 C.F.R. § 152.103(a)(5) by Senior Judge Bernard Newman, the judgment is

AFFIRMED.